WILLIAMS, J.
hThe .defendant, Vittorrio Davis, was charged by bill of information with aggravated burglary, in violation of LSA-R.S. 14:60. He pled guilty as charged and was sentenced to serve 10 years at hard labor, to run consecutively to any sentences imposed for other offenses. For the following reasons, we affirm.
FACTS
On August 6, 2012, police officers were alerted that the D.C. Pawn Shop in Min-den (Webster Parish) had been burglarized. During the course of the investigation, the officers discovered that the perpetrators had stolen seven firearms, including several shotguns and assault rifles.[1] An investigation revealed that the defendant, Vittorrio Davis, and Jeremiah Chase were involved in the burglary. The defendant and Chase i were arrested and charged with aggravated burglary, in violation of LSA-R.S. 14:60.
The defendant initially entered a plea of not guilty. However, on July 15, 2013, he withdrew his prior plea and pled guilty as charged. The defendant informed the trial court that he was 19 years old and he could read, write and understand English. He also stated that he had dropped out of high school in the eleventh grade and had earned his GED. Further, the defendant stated that he was not under the influence of alcohol or drugs. He also confirmed that his attorney had explained to him the minimum and maximum penalties for the offense of aggravated burglary.
| ¡^Thereafter, the trial court advised the defendant of his Boykin rights. The trial *202 court also explained the rights that the defendant would waive by pleading guilty. The defendant confirmed that he understood those rights and that by pleading guilty he would waive them. The defendant also stated that he had not been promised anything in exchange for his plea, he had not been threatened into pleading guilty, and he was pleading guilty because he was in fact guilty.
The factual basis for the plea, read by the state, was as follows. The defendant and Chase entered the D.C. Pawn Shop without authority, with the intent to commit a theft. Once they gained entry to the business, they armed themselves with the firearms and left the premises with the weapons.[2] The defendant confirmed that the facts were correct and pled guilty to aggravated burglary.
The trial court ordered a presentence investigation report (“PSI”), which revealed that the defendant had two pending charges in Bossier Parish: possession of a Schedule III controlled dangerous substance (Criminal Docket No. 199,281) and misdemeanor theft (Criminal Docket No. 199,282). On November 13, 2013, the trial court deferred the defendant’s sentence for the current charge in Webster Parish and referred the defendant to the drug court program. The court also ordered the defendant and Chase to pay restitution in the amount of $5,200,[3]
Before the defendant could complete the drug program, he committed |sanother felony in Bossier Parish: theft of a motor vehicle. On September 2, 2014, the defendant pled guilty to that offense and was sentenced to serve three years at hard labor, to run concurrently to his sentence for drug possession.[4]
On September 29, 2014, the defendant returned to court in Webster Parish for sentencing on his aggravated burglary conviction. The PSI was updated and reviewed. The defendant made the following statements to the court: he was not married; he did not have any children; he had undergone brief periods of employment at McDonald’s and cutting trees for his uncle; he had been paying toward the restitution while in the drug court program; and he no longer associated with his former friends.
The trial court noted that the defendant had committed three felony offenses in the time span of approximately 12 months. The court also noted that the defendant could have had his convictions for aggravated burglary and possession expunged if he had completed the drug court program. Instead, the defendant committed the third felony of theft of a motor vehicle while under the court’s supervision. Additionally, the court noted that the defendant had failed to pay restitution to the store owner as previously ordered. The trial court informed the defendant that he had “been given every break possible” and noted that, in a 12-month period, the defendant had gone from being a first felony offender to a third felony offender. The trial court denied the defendant’s request to order his [4sentence to run concurrent with his other sentences.
*203 Further, the trial court noted that the defendant’s age when he committed the instant offense (18 years old), his lack of criminal offenses at that time, and that he likely stole the guns to get money for drugs. The court noted that the defendant’s propensity to commit crimes was now great and precluded a sentence with probation. The trial court found that any lesser sentence would deprecate the seriousness of the crime. The trial court sentenced the defendant to serve 10 years at hard labor, to run consecutive to his sentences for possession of drugs and theft of a motor vehicle. He was given credit for the time served as to the aggravated burglary sentence only. The defendant did not fíle a motion to reconsider sentence.
The defendant now appeals his sentence.
DISCUSSION
The defendant contends the sentence imposed was excessive. He argues that he committed the felony offenses because of his drug addiction and he pled guilty and accepted responsibility for his actions. He also argues that the trial court failed to consider his family ties or employment, and did not tailor the sentence to him. According to the defendant, the goals of punishment and rehabilitation could be accomplished with a lesser sentence.
When a defendant fails to fíle a motion to reconsider sentence, the appellate court’s review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jones, 41,449 (La.App.2d Cir.9/20/06), 940 So.2d 61; State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial court has wide discretion in imposing a sentence within minimum and maximum limits allowed by the statute; therefore a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.
Whoever commits-the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than 30 years. LSA-R.S. 14:60(B). As stated above, the defendant was sentenced to serve 10 years, at hard labor, one-third of the maximum sentence.
*204 The trial court reviewed the defendant’s PSI and the supplement thereto. The documents described the defendant’s family history, education, employment history and criminal history. Earlier in the proceedings, the court considered the defendant’s drug addiction and noted the correlation between the crime and the addiction. Consequently, the court deferred his sentence and granted the defendant the opportunity to participate in the drug court program. The defendant responded to the court’s action by committing another felony.
Considering the factors articulated by the trial court, which are supported by this record, the 10-year sentence imposed does not shock the sense of justice. As the trial court noted, when these proceedings began, the defendant was a first felony offender. He was provided with an opportunity to enter the drug court program, as opposed to prison. The defendant’s actions demonstrated that he was not willing to complete the drug program arid refrain from a life of crime. The defendant committed three felony offenses within a one-year period; Consequently, we find that the trial court did not abuse its discretion in sentencing the’ defendant to serve 10 years at hard labor for the offense of aggravated burglary. The sentence is not ^constitutionally excessive.
CONCLUSION
For the aforementioned reasons, the defendant’s conviction and sentence are hereby'affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.

. Subsequently, all but one of the firearms were recovered; however, the weapons had been damaged. The store owner stated that he suffered an economic loss for the missing assault rifle, the damáge to his front doors and the decreased value of the damaged guns.

. The prosecution also stated that an individual was present inside the store at the time of the burglary; however, the person's name was not provided.

. Subsequently, the Bossier Parish trial court also ordered the defendant to complete a drug court program.

.The defendant was discharged from the drug court program; therefore, his sentences for the aggravated burglary and drug possession convictions were no longer deferred.