MOORE, J.
pThe defendant, Marcus Joel Smith, was convicted of attempted armed robbery, pursuant to La. R.S. 14:27 and 14:64. Smith was septenced to 40 years at hard labor, with credit for .time served. He filed this appeal, arguing that his sentence is constitutionally excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
After shopping in the Walmart on Airline Drive in Bossier City, Louisiana, on the afternoon of September 23, 2013, Carolyn Caskey put the purchased items into the back seat of her 2008 Impala. As she prepared to drive off, Marcus Joel Smith got into the passenger seat of her vehicle. According to Caskey, Smith pointed a firearm at her and demanded money. Caskey told Smith that she did not have any money. When Smith then told her to give him what she had, Caskey began blowing her car horn. Smith got out of the car and fled the scene.
Bossier City Police responded to a complaint of armed robbery and received a description of the suspect. According to the dispatch report, the suspect was . a black male, wearing a gray long-sleeved shirt, blue jeans, and a blue rag over his shoulder.,
Police on patrol saw a man matching the description on the south side of Ryan’s Steakhouse on Airline Drive in Bossier City. The suspect identified himself as Marcus Joel Smith. Smith said he was going to Ryan’s Steakhouse for a job application.
Meanwhile,, after, interviewing the victim at the Walmart parking lot, Officer Zachary Taylor, Bossier City Police, drove her to Ryan’s |2Steakhouse where police were questioning Smith to see if Caskey could identify him, Caskey affirmatively identified Marcus Joel Smith as the man who had gotten into her vehicle and demanded money. Police subsequently read Smith his Miranda rights and transported him to the Bossier City police department for further questioning, ,
At'trial, Detective Michael Hardesty of the Bossier City Police, testified that Smith initially repeated his story about the Ryan’s job application. Det. Hardesty told Smith that he had surveillance footage of the Walmart parking lot that would place him at the scene. Smith subsequently admitted entering Caskey’s car and demanding money. He denied having a weapon, claiming he was holding his cell phone covered in a red rag. Smith told the detective that he got out of the car and ran away when Caskey began blowing her horn. Smith refused to permit police to record his statement, but he did consent to and provide a buccal swab of his DNA. After the interview, Smith was placed under arrest.
The next day an employee of Ryan’s Stéakhouse' discovered a firearm in the trash can of the men’s restroom. •' Bossier Police were contacted. Corporal Eric Sproles, Bossier City Police, collected á firearm, a pair of gloves, a camouflage mask, and a pair of stockings from the trash at Ryan’s. . These items were swabbed for DNA and entered into evidence. According to the analysis completed by the North Louisiana Crime Lab, *243 Smith’s DNA was found on the gloves.and stockings, but not on the firearm or the camouflage mask.
Smith was charged by- bill of information with attempted armed robbery with a firearm, pursuant to La.' R.S. 14:27 and 14.64,3. The state ^subsequently amended the bill of information to properly reference the statutes under which Smith was charged namely, La. R.S. 14:27; 14:64; 14:64.3. Smith waived arraignment ahd pled not guilty to the amended bill of information.
After trial, the jury found Smith guilty of attempted armed robbery. The court sentenced him to 40 years at hard labor which it found was supported by the pre-sentence investigation (“PSI”). Smith had the following'criminal history:
• November 21, 1987: Smith was charged with theft of property in Arkansas. He plead guilty and was sentenced to six years at hard labor.
• May 10, 1993: Smith robbed and shot at a store clerk and robbed an individual at a washateria in Louisiana. Smith also fired his weapon at a police officer while attempting to flee. Smith was charged with two counts of armed robbery and one count of attempted first degree murder. He pled guilty to the two counts of armed robbery and was sentenced to a total of 240 months at hard labor.
• February 15,1997: While incarcerated, , Smith battered two inmates while armed with a handmade knife. Smith was charged with two counts.of aggravated hattery. Smith was sentenced to seven years at hard labor, to be served consecutively to the 240 month sentence for the armed robbery.
• September 23, 2013: Smith commits ted the present offense. ■ .
The court was unable to consider Smith’s social history, education, or employment record, because Smith was uncooperative with the PSI investigator and refused to provide him with any information. The court stated:
I wish there was more information included in that report. I wish you would have taken the opportunity to place some of your social history on the record. But it just makes it very, very difficult to do anything or consider anything in your favor 14when you don’t take part in what you’re given the opportunity to take part in.
. Additionally, the court considered a letter submitted by the victim, Carolyn Cas-key, who recommended that Smith receive the maximum or near-maximum sentence for his crime.
The court noted that the PSI investigator determined that Smith was ineligible for a suspended sentence, and that the investigator recommended that Smith be sentenced to a significant, if not the maximum, amount of incarceration time at hard labor.
Based on the facts and evidence adduced at trial, and the information contained in the PSI report, the trial court found Smith to be .a 42-year old fourth-felony offender with a penchant for violence and assaultive behavior. It determined that Smith posed a serious threat to public safety and had a lack of regard for authority. The court stated: ■ •
[Considering all of the factors included in Article 894.1 of the Code of Criminal Procedure it is the sentence of the Court that you serve a term of forty (40) years at hard labor. You’ll receive credit for time you’ve served on this charge and this charge only. I need to advise you -that you have thirty days from today’s date to file any notice of appeal that you have, and you have two years from to *244 day’s date to file any post-conviction relief that either you or you[r] attorney deems appropriate.
The court noted that any lesser sentence than the one imposed would take away from the serious nature of the charge against Smith.
Smith filed this appeal.
DISCUSSION
In his sole assignment of error Smith alleges that the court imposed an unconstitutionally harsh and excessive sentence based on the facts of the |scase. According to Smith, a 40-year sentence makes no contribution to goals of punishment and, as such, “amounts to nothing more than purposeful imposition of pain and suffering.” Considering that he is 43 years old, Smith argues a 40-year sentence amounts to essentially a life sentence.
The state argues that Smith’s 40-year sentence is within the statutory sentencing range and that the trial court did not abuse its discretion in so sentencing. According to the state, the trial court abided by the guidelines articulated in La. C. Cr. P. art. 894.1 during sentencing. Furthermore, the sentencing transcript and PSI report demonstrate an adequate factual basis for the imposition of a 40-year sentence.
La. C. Cr. P. art. 881.1 precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Accordingly, when a defendant fails to file a motion to reconsider sentence, the appellate court’s review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jones, 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61; State v. Duncan, 30,453 (La.App. 2 Cir. 2/25/98), 707 So.2d 164.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App. 2 Cir. 4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App. 2 Cir. 12/17/03), 862 So.2d 1123.
| rA sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864.
The penalty clause of La. R.S. 14:64 provides:
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
Under La. R.S. 14:27 concerning an attempt to commit a crime, the penalty clause provides:
D. Whoever attempts to commit any crime shall ...
(3) be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half the largest fíne, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
Hence, the offense of attempted armed robbery under La. R.S. 14:27 and 14:64, *245 carries a possible sentence of 10 to 49½ years at hard labor without benefits. Accordingly, Smith’s sentence is within the statutory sentencing range.
Because no motion to reconsider was filed, our review is limited to the question of whether the sentence is constitutionally excessive.
Smith’s argument that a 40-year hard labor sentence is essentially a life sentence and is, therefore, constitutionally excessive, is without merit. ^Neither the Louisiana Legislature, nor our jurisprudence provides that a sentence that would, in effect, probably last for the life of a defendant is determinative of a constitutionally excessive sentence. See e.g., State v. Robinson, 49,319 (La.App. 2 Cir. 10/1/14), 151 So.3d 627, writ denied, 2014-2111 (La.5/1/15), 169 So.3d 371. Based on Smith’s prior criminal history and the violent nature of the attempted armed robbery at issue, we cannot say that a 40-year sentence shocks one’s sense of justice.
Even if Smith had filed a motion to reconsider sentence, the record reveals that the trial court thoughtfully considered the factors outlined in La. C. Cr. P. art. 894.1. Smith’s criminal history suggests that he has little regard for the consequences of his actions. At least two of the crimes for which Smith has been charged and convicted — the May 1993 armed robbery and the crime sub judice — were committed while Smith was on parole. The trial judge was able to consider Smith’s age, but was unable to consider his social history, employment record, or education level. Generally, courts consider these elements to be important parts of a sentencing decision. However, when a sentencing judge is unable to obtain the information because of a defendant’s unwillingness to provide that information, the sentence imposed is not ipso facto excessive or violative of La. C. Cr. P. art. 894.1. See e.g., State v. Simms, 505 So.2d 981 (La.App. 3 Cir.1987) (holding that a trial court is entitled to rely on a presentence investigation that failed to contain information as to mitigating factors, where such information was not included because of the defendant’s uncooperative behavior with the investigator).
|8We conclude that the record presents an adequate factual basis for Smith’s 40-years at hard labor sentence: (a) Smith attempted to rob an elderly woman in her car in broad daylight; (b) Smith may or may not have had a dangerous weapon in his possession, but, at the least, he pretended to have one when attempting to rob the woman; (c) Smith’s criminal history suggests a pattern of dangerous behavior; and (d) he does not appear to have been affected by his prior crimes, as evidenced by his commission of at least two of those crimes while on parole.
Based on the nature of the crime committed and Smith’s criminal history, it is clear that the trial court did not abuse its discretion in sentencing Smith to 40 years at hard labor without benefits, with credit for time served for the instant crime.
Therefore, this assignment of error is without merit.

Error Patent Review

Our error patent review discloses that the trial court failed to order that Smith’s 40-year at hard labor sentence be served without the benefit of probation, parole, or suspension of sentence, as required by La. R.S. 14:27; 14:64. This is harmless error. La. R.S. 15:301.1(A) provides in pertinent part:
The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way effect the statutory requirement that all or a portion of the sentence be served without *246 benefit of probation, paroie or suspension of sentence.
Accordingly, there- is no need to remand for correction of the sentencing error. When a district court fails to order the statutorily mandated service of | sentence without ■ benefits, the sentence will automatically be served without benefits -for the required time period. See State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790. Consequently, we order that the sentence of 40 years be served at hard labor, without benefit of- probation, parole or suspension of sentence, with credit for time served for the crime sub judice. The trial court minutes should be amended to reflect this adjustment of defendant’s sentence. -
Additionally, the trial court did not accurately state the amount of time defendant has to apply for post-conviction relief, as required under La. C. Cr. P. art. 930.8. When giving instructions as to post-conviction relief, the court stated that- Smith had “two years from, today’s date” to apply impost-conviction relief. . .
The trial court should have advised, and we now advise Smith in this opinion, that no application for post-conviction relief, including applications which seek .an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App. 2 Cir. 9/21/05), 911 So.2d 898.
CONCLUSION
For the foregoing reasons, the defén-dant’s conviction and sentence are affirmed. ' ’
CONVICTION AND SENTENCE AFFIRMED.