50,864 (La.App. 2 Cir. 9/28/16)

**STATE of Louisiana, Appellee**

v.

**Davis L. JACKSON, Appellant**

**No. 50,864-KA**

Court of Appeal of Louisiana,
Second Circuit.

Judgment rendered September 28, 2016

PAULA CORLEY MARX, Counsel for Appellant

GARY V. EVANS, District Attorney, HUGO A. HOLLAND JR., KENNETH PATRICK HAINES, LEA R. HALL JR., Assistant District Attorneys, Counsel for Appellee

Before BROWN, GARRETT, STONE, JJ.

STONE, J.

This criminal appeal arises from the 42nd Judicial District Court, DeSoto Parish, the Honorable Charles B. Adams presiding. The defendant, Davis L. Jackson, pled guilty to attempted manslaughter and was sentenced to 15 years at hard labor. The defendant now appeals, arguing that his sentence is excessive. For the following reasons, this court affirms the defendant's conviction and sentence.

## FACTS

On March 14, 2015, Davis L. Jackson ("Jackson") shot Bobbie Hooper ("victim"), his friend and neighbor, in the chest from a close range with a .38 caliber handgun. On that day, Jackson went to the victim's house to get his autistic son. The victim had been watching the child that day. The mother of the child was also at the victim's house, and when she and Jackson became involved in a verbal argument, the victim asked Jackson to leave. Jackson left the house, returned with a gun, and shot the victim. Jackson claims that he was intoxicated at the time of the offense. Also, according to Jackson, the victim hit him on the head with a bottle, a struggle over the gun ensued, and the gun accidentally discharged. However, the victim denied that a struggle ensued and there was no other evidence of, there being a struggle. The state noted that in a statement to police, Jackson said he pulled the trigger three times before it fired. The victim sustained a punctured lung and is still undergoing treatment and rehabilitation.

Jackson was charged with attempted second-degree murder on April 23, 2015. However, on October 8, 2015, Jackson appeared and pled guilty to the responsive charge of attempted manslaughter. There was no agreement on sentencing. On December 9, 2015, after reviewing the facts of this case and a presentence investigation report, the trial court sentenced Jackson to 15 years at hard labor. No motion to reconsider sentence was filed. Jackson subsequently filed a motion for an out-of-time appeal, which was granted by the trial court.

## DISCUSSION

 Jackson contends that his 15-year sentence is harsh and excessive and does not reflect sufficient consideration of mitigating factors by the trial court. Jackson notes that he is 60 years old, was intoxicated at the time of the offense, has expressed remorse, has no significant criminal history, has a consistent employment history, and is well liked in his community as evidenced by letters submitted on his behalf.

The state argues that the trial court adequately reviewed the presentence investigation report and the sentencing factors set forth in La. C. Cr. P. art. 894.1. Based on the facts of this case and the benefit Jackson received from the plea agreement which reduced his sentencing

exposure, the state claims that the trial court did not abuse its discretion in sentencing Jackson to 15 years at hard labor.

■ When, as in this case, a defendant fails to file a motion to reconsider the sentence, the appellate court's review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. *State v. Mims*, 619 So.2d 1059 (La.1993); *State v. Smith*, 50,342 (La.App. 2 Cir. 1/13/16), 184 So.3d 241; *see also* La. C. Cr. P. art. 881.1(E).

■ Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. *State v. Lobato*, 603 So.2d 739 (La.1992); *State v. Davis*, 50,149 (La.App. 2 Cir. 11/18/15), 181 So.3d 200; *State v. Smith, supra*. A ₃sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *State v. Weaver*, 2001–0467 (La. 1/15/02), 805 So.2d 166; *State v. Smith, supra*.

■ The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 2003–3514 (La. 12/13/04), 893 So.2d 7; *State v. Diaz*, 46,750 (La.App. 2 Cir. 12/14/11), 81 So.3d 228. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. *State v. Hebert*, 50,163 (La.

App. 2 Cir. 11/18/15), 181 So.3d 795; *State v. Mendenhall*, 48,028 (La.App. 2 Cir. 5/15/13), 115 So.3d 727.

Jackson failed to file a motion to reconsider sentence. Therefore, his sentence review is limited to whether the sentence is constitutionally excessive, not whether it complies with La. C. Cr. P. art. 894.1. Nevertheless, the record shows that the trial court adequately complied with article 894.1 and considered the appropriate factors in determining Jackson's sentence.

At the sentencing hearing, the trial court reviewed the facts of this case, the presentence investigation report, and letters submitted on Jackson's behalf. The court considered the fact that Jackson left the scene of an argument, returned with a gun, and shot the victim in the chest from a close range, causing serious injuries. In reviewing Jackson's criminal history, the court noted that his only prior charges for violence were misdemeanors. ₄Jackson has three DWI convictions (from 1983, 2000, and 2007), a 1993 conviction for possession of cocaine, a 2005 arrest for domestic abuse battery, and a 2009 conviction for simple battery. As mitigating factors, the court noted that Jackson was 60 years old, has expressed remorse, was intoxicated at the time of the offense, and has a history of substance abuse.

Jackson received a substantial benefit from the plea agreement, which reduced his sentencing exposure from a maximum sentence of 50 years without benefit of parole, probation, or suspension of sentence for attempted second degree murder,[1] to a maximum sentence of 20 years with benefit of parole, probation, or suspension of sentence for attempted manslaughter.[2] Considering the senseless

1. The offense of attempted second degree murder is punishable by imprisonment for up to 50 years at hard labor without benefit of parole, probation, or suspension of sentence.

La. R.S. 14:27(D)(1)(a) and La. R.S. 14:30.1(B).

2. The offense of attempted manslaughter is punishable by imprisonment for up to 20

nature of Jackson's crime, the serious injuries sustained by the victim, and the benefit Jackson received from the plea agreement, the 15-year sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. The trial court did not abuse its discretion in sentencing Jackson to serve 15 years at hard labor for attempted manslaughter. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Davis L. Jackson are affirmed.

**AFFIRMED.**

50,861 (La.App. 2 Cir. 9/28/16)

years at hard labor. La. R.S. 14:27(D)(3) and La. R.S. 14:31(B).