BLEICH, J. (Pro Tempore )
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. The defendant, Lester Harrison, was convicted of attempted manslaughter, attempted disarming of a peace officer, and resisting a police officer with force or violence. He received a total sentence of 15 years' imprisonment at hard labor. No motion to reconsider sentence was filed. Harrison now appeals, arguing that his sentence is excessive. For the following reasons, we affirm Harrison's convictions and sentences.
FACTS
On August 31, 2010, around 1:00 a.m., Lester Harrison was loitering at the Greyhound bus station in downtown Shreveport. When Romeo Hill, a bus station employee, asked Harrison to leave, he refused. Harrison even refused to leave when Hill said he would call the police. After seeing that Harrison was armed with a knife, Hill called 911.
Matthew Holloway, who was then an officer with the Shreveport Police Department (the "SPD"), was on patrol downtown *597 and responded to the call.[1] Shortly after he arrived at the bus station, Ofc. Holloway encountered Harrison and tried to conduct a pat-down, but Harrison was fidgety. As Ofc. Holloway attempted to place handcuffs on Harrison, Harrison began to fight him, and the men went to the ground. Harrison stabbed Ofc. Holloway with the knife, cutting his head in two places and puncturing his protective vest in five places. When Ofc. Holloway tried to stand up during the fight, Harrison reached for Ofc. Holloway's gun and the holster unsnapped. Officer Holloway was bloodied and testified that he was "literally fighting for his life." Hill again called 911 to send backup and testified that Harrison threw his knife under a bus when he saw other SPD officers arriving. Once the other officers arrived, they were able to subdue and arrest Harrison.
On October 6, 2010, the state filed a bill of information charging Harrison with attempted first degree murder, attempted disarming of a peace officer, and resisting a police officer with force or violence. On Harrison's motion, the trial court appointed a sanity commission-he had a long history of suffering from paranoid schizophrenia, mild mental retardation, and cocaine dependence. On June 14, 2011, based on the opinions of both doctors who examined Harrison, the trial court determined that Harrison was not competent to proceed, and he was placed in the Feliciana Forensic Facility. Six months later, Harrison was found competent to proceed.
On March 28, 2012, Harrison withdrew his plea of not guilty and entered a plea of guilty and not guilty by reason of insanity. Harrison filed notice of his intent to offer a mental defect defense based on his schizophrenia diagnosis. Thereafter, the state and the defense each filed motions to re-appoint the sanity commission. Harrison was evaluated by three court-appointed doctors throughout these proceedings: Dr. George Seiden, Dr. Marc Colon, and Dr. Richard Williams. Drs. Seiden and Williams concluded Harrison was competent to proceed, and he knew right from wrong at the time of the incident. However, Dr. Colon found that although Harrison was able to assist in his defense, at the time of the offense, Harrison did not understand the wrongfulness of his actions. Additionally, Dr. Mark Vigen evaluated Harrison on behalf of the defense. Dr. Vigen opined that Harrison was unable to assist counsel in his defense, noting he was not properly medicated at the time of the offense, and his symptoms of paranoia and limited cognitive abilities created a condition that distorted his perceptions and understanding.
The trial court ultimately determined that Harrison was competent to proceed, and a jury trial was held on June 13-16, 2016. As to Count One, the jury found Harrison guilty of the responsive verdict of attempted manslaughter (violations of La. R.S. 14:27 and 14:31 ). As to Counts Two and Three, the jury found Harrison guilty as charged of attempted disarming of a peace officer (violations of La. R.S. 14:27 and 14:34.6 ) and resisting a police officer with force or violence (a violation of La. R.S. 14:108.2 ). Harrison filed a motion for post-verdict judgment of acquittal and a motion for a new trial, arguing that the evidence presented established that he was insane at the time of the offense and unable to distinguish right from wrong. The trial court denied the motions at a subsequent hearing.
On August 16, 2016, Harrison's sentencing hearing was held.[2] The trial court considered *598 the factors of La. C. Cr. P. art. 894.1, noting that Harrison's offense was against a police officer, as well a crime of violence involving the use of a dangerous weapon. In mitigation, the trial court acknowledged Harrison's "substantial and documented history of mental illness." Ultimately, the trial court sentenced Harrison to 15 years' imprisonment at hard labor for the attempted manslaughter, 2½ years at hard labor for the attempted disarming of a peace officer, and 3 years at hard labor for the resisting a police officer with force or violence, with all sentences to be served concurrently. Further, the trial court recommended Harrison for any mental health treatment, counseling, or programs for which he is eligible.
Following the imposition of sentence, an oral objection was made by Harrison to the sentence; however, no reasons were articulated. No motion to reconsider sentence was filed. This appeal ensued.
DISCUSSION
On appeal, Harrison raises only one assignment of error and contends that his total 15-year sentence is excessive. Specifically, Harrison maintains that considering his infirmities and his condition, the trial court erred by imposing the harsh total sentence of 15 years' imprisonment at hard labor, and under the facts and circumstances of this case, his sentence violates all provisions against excessive sentences. Harrison argues that although the jury found he was able to determine right from wrong at the time of the offense, the record is full of information concerning his mental health. Harrison notes that Drs. Vigen and Colon testified that he suffers from paranoid schizophrenia and mild mental retardation, which the trial court acknowledged, and that Dr. Colon believed Harrison was psychotic at the time of the offense. Harrison argues that a sentence tailored more toward his treatment and possible rehabilitation would be more appropriate under the circumstances of this case.
The offense of attempted manslaughter is punishable by imprisonment for up to 20 years at hard labor. La. R.S. 14:27 and 14:31. The offense of attempted disarming of a peace officer is punishable by imprisonment for up to 2 ½ years at hard labor. La. R.S. 14:27 and 14:34.6. Finally, the offense of resisting a police officer with force or violence is punishable by imprisonment, with or without hard labor, for not less than one year nor more than three years. La. R.S. 14:108.2.
Louisiana C. Cr. P. art. 881.1(E) precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Accordingly, when a defendant fails to file a motion to reconsider sentence, the appellate court's review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims , 619 So.2d 1059 (La. 1993) ; State v. Smith , 50,342 (La. App. 2 Cir. 01/13/16), 184 So.3d 241.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato , 603 So.2d 739 (La. 1992) ; State v. Davis , 50,149 (La. App. 2 Cir. 11/18/15), 181 So.3d 200.
*599 A sentence is illegal and violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 01/15/02), 805 So.2d 166 ; State v. Smith, supra .
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Hebert , 50,163 (La. App. 2 Cir. 11/18/15), 181 So.3d 795.
In this case, the trial court did not abuse its discretion by sentencing Harrison to a total of 15 years' imprisonment at hard labor despite his mental condition. Harrison did not file a motion to reconsider sentence and although defense counsel made an oral objection to the sentences, there were no specific grounds articulated for reconsideration of Harrison's sentences. Therefore, review of Harrison's sentences is limited to a bare claim of constitutional excessiveness. Nevertheless, the record shows that the trial court complied with La. C. Cr. P. art. 894.1, and considered the appropriate factors in determining Harrison's sentences, as noted above.
The trial court reviewed the serious facts of this case that "could have easily resulted in the death of a police officer" and acknowledged that Harrison suffered from a "profound chronic mental illness." The record shows that while Ofc. Holloway was attempting to conduct a pat-down, Harrison became violent and began fighting him. Harrison stabbed the officer with a knife, cutting his head in two places and puncturing his protective vest in five places. Harrison also attempted to gain control of Ofc. Holloway's gun. The jury, knowing that Harrison suffered from paranoid schizophrenia, rejected his insanity defense and found that Harrison knew that attacking Ofc. Holloway with a knife was wrong. The record shows that the trial court strove to tailor a sentence that balanced the seriousness of the offenses with Harrison's mental illness; however, there was no legal avenue for the trial court to take in that direction.
Harrison's sentences are not constitutionally excessive. He has an extensive criminal history, as noted by the state, and it appears that if not incarcerated, Harrison will continue to use illicit drugs, rather than take his prescribed medication. Notably, although he received maximum sentences for attempted disarming of a peace officer and resisting a police officer with force or violence, his sentence for attempted manslaughter is five years less than the maximum sentence that could have been imposed. Considering the violent nature of Harrison's crimes, the total 15-year concurrent sentences imposed by the trial court do not shock the sense of justice, nor are they grossly disproportionate to the severity of the offenses. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, Lester Harrison's convictions and sentences are affirmed.
AFFIRMED.

At the time of trial, Holloway no longer was employed with the SPD.

Prior to sentencing, in seeking to balance Harrison's criminal culpability with his mental illness, the trial court considered the possibility of a split sentence whereby Harrison would serve a period of incarceration at hard labor and then transition into a conditional release program so his mental status could be monitored until he is no longer a danger. However, after researching the issue, it was determined that such a sentence was not legal or possible under Louisiana law.