Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,444-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

SHANTAVIUS D. BAILEY AKA              Appellant
SANTAVIUS BAILEY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 388,274

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                       Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
SAMUEL S. CRICHTON
Assistant District Attorney

* * * * *

Before STONE, THOMPSON, and ELLENDER, JJ.

STONE, J., dissents in part with written reasons.

**THOMPSON, J.**

Shantavious Bailey was convicted by a unanimous jury of being a felon in possession of a firearm, illegal possession of a stolen firearm, and aggravated flight from an officer. He appeals his conviction only on the charge of illegal possession of a stolen firearm on the grounds of insufficiency of the evidence, and also appeals as excessive his sentences on all charges. The only evidence presented at trial regarding the illegal possession of a stolen firearm was the testimony of a law enforcement officer that he looked up the serial number of the firearm and it flagged as "stolen" in the National Crime Information Center ("NCIC") database. The court overruled a timely hearsay objection by defense counsel to this testimony at trial. The defendant denied ownership of the firearm and any knowledge of its being stolen. No other evidence was presented that the firearm was stolen property or that the defendant was aware it was stolen. For the reasons set forth in more detail below, we find that in this particular factual scenario the evidence was insufficient to convict the defendant of illegal possession of a stolen firearm and reverse his conviction on that charge and vacate the resulting sentence. We affirm all of his other convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

On March 25, 2022, Officer Nathaniel Davis and Officer C. Thompson of the Shreveport Police Department were dispatched to a Waffle House on Monkhouse Drive for a reported disorderly person. The alleged disorderly person was described as a black man who had left the restaurant in a red Ford truck. The officers spoke to one man in a red truck in a nearby parking lot and dismissed that person. They then saw a different red truck

that had been identified by patrons of the Waffle House as the truck being driven by the suspect. The officers got behind the truck in their marked patrol vehicle, initiated the overhead lights, and made a stop of the truck. As they were exiting their patrol vehicle, the traffic light in front of the truck turned green, and the truck proceeded through the intersection.

The officers returned to their patrol vehicle and began a pursuit of the truck, during which they noted several moving traffic violations, including excessive speed and crossing into oncoming traffic. At one point, the officers lost sight of the truck, and then came upon it crashed in the yard of a residence. The truck was upside down, with the doors compressed, and the windshield blown out. Located about 20 feet away from the crashed vehicle, in a ditch, was the driver, defendant Shantavious Bailey ("Bailey"). Bailey was later removed from the scene to receive medical treatment. The officers did an inventory of the scene and located a Smith & Wesson 9mm pistol, located about two feet away from where Bailey was found in the ditch. No other weapons or shell casings were located in or around the truck.

Bailey was subsequently charged with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, aggravated flight from an officer, in violation of La. R.S. 14:108.1(C), and illegal possession of a stolen firearm, in violation of La. R.S. 14:69.1. Trial on this matter was held on February 8 and 9, 2023. Officers Davis and McNally testified at trial about the car chase and evidence recovered from the scene, including the firearm. Over defense counsel's objection, Officer Davis testified that he searched the serial number from the firearm on the NCIC[1], and found that

---

[1] NCIC is s a computerized index of missing persons and criminal information and is designed for the rapid exchange of information between criminal justice agencies.

the recovered firearm was not registered to Bailey and that it had in fact been reported stolen. Officer Davis testified that when a stolen firearm has been recovered, the NCIC database would be updated by the recovering officer to reflect that it was no longer stolen.

Officer John Madjerick of the Shreveport Police Department testified as an expert in fingerprint analysis. He testified that he took Bailey's fingerprints and they matched those for a defendant convicted of a 2010 guilty plea for distribution of narcotics. Bailey then testified on his own behalf. He testified that he was scared on the night of the incident and was simply trying to reach home. He claimed that he never saw the gun and did not know how it got to be in the ditch. He claimed at trial that the police planted the gun. He admitted on cross-examination that he had several convictions for drug offenses.

The jury unanimously convicted him on all three counts, and on February 24, 2023, Bailey filed a motion for new trial and a motion for post-verdict judgment of acquittal, which were both denied by the trial court. The trial court then sentenced Bailey to the following: (1) 15 years at hard labor without benefit of parole, probation, or suspension of sentence, and a $3,000 fine for possession of a firearm by a convicted felon; (2) three years at hard labor and a $1,000 fine for aggravated flight from an officer; and (3) three years at hard labor for illegal possession of a stolen firearm. The sentences

Users access the NCIC computer located at FBI headquarters through regional or State computer systems or with direct tie-ins to the NCIC computer. One common use of the NCIC system is that it allows local law enforcement agencies to make an inquiry of the database to determine if a firearm has been reported stolen in any participating jurisdiction or by any cooperating agency. A law enforcement officer can enter the serial number for a recovered firearm to determine if it had been reported as stolen in any participating jurisdiction. As recently noted by this Court, the NCIC is a trusted and well-established tool used by law enforcement. *State v. Williams*, 55,537 (La. App. 2 Cir. 2/28/24), -- So. 3d --, 2024 WL 821290.

were ordered to be run consecutively. After questioning Bailey about his ability to pay, the trial court waived all of the fines. Bailey timely filed a motion to reconsider sentence, which was denied. This appeal followed.

## DISCUSSION

Bailey asserts two assignments of error: (1) the sufficiency of the evidence for his conviction of illegal possession of a stolen firearm; and (2) and the excessiveness of his sentences.[2]

**First Assignment of Error: The evidence is insufficient to support Shantavious Bailey's conviction for possession of a stolen firearm as the State failed to prove the gun was stolen.**

Bailey first argues that there was insufficient evidence to prove that the gun recovered by the police officers was stolen. At trial, he denied ownership of the firearm and any knowledge of its classification as a stolen firearm. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *Steines, supra.*

---

[2] Not included in the appeal, and therefore not addressed further in our opinion, is a potential assignment of error regarding the court-overruled hearsay objection at trial to the officer's testimony regarding the NCIC. An evidentiary ruling regarding such an essential issue cannot be asserted to be harmless error.

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Steines, supra*. A reviewing court affords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Copeland*, 52,742 (La. App. 2 Cir. 9/25/19), 280 So. 3d 848, *writ denied*, 19-01646 (La. 9/27/21), 324 So. 3d 89. La. R.S. 14:69.1(A) states that "illegal possession of stolen firearms is the intentional possessing, procuring, receiving, or concealing of a firearm which has been the subject of any form of misappropriation." A defendant may raise an affirmative defense that he had no knowledge the firearm was the product of any form of misappropriation. La. R.S. 14:69.1(A)(2).

In the present matter, Officer Davis testified that as part of his investigation he ran the serial number of the firearm found at the scene through the NCIC database. He testified on cross-examination that not all of the guns that are reported on the database are stolen. He stated that when a gun is recovered, the database should update to reflect that fact. Officer Davis testified that he did not speak with anyone who purported to own the pistol. He testified:

> Q:    So other than this database, how do you know this pistol was even stolen?
> A:    That is the only way Shreveport Police Department --
> Q:    Okay.
> A:    -- does it.

No other information was presented at trial regarding the gun, other than Bailey's denial of ownership and his claims it may have been placed at the scene to "frame" him for the current charges. The jury was not provided, for example, with the name of the person who owned the gun, the date the gun was stolen, the location of the gun when stolen, the name of the investigating

5

officer, the name of the officer who entered the gun as stolen into NCIC, and it was not presented with any certification or documentation from the FBI or other agency managing the NCIC as to the records and information maintained or accuracy thereof. Importantly, the legislature has not expanded references to information contained in NCIC databases to be included in those narrowly tailored exceptions to the hearsay rule. In the present matter, that reference is the only evidence the firearm was allegedly stolen. No information on the report of the gun being stolen, the victim, the investigating agency, or support of the reliability of the clearinghouse of information at is the NCIC database was presented. There is neither any other evidence the firearm was stolen or that Bailey reasonably should have known the firearm was stolen when he obtained it. Again, Bailey denied ownership of the gun. Even if one speculated that he had purchased it without the knowledge that it was stolen, as a convicted felon, he could not possess a firearm, regardless of whether it had been stolen.

The State argues that a ruling that there was insufficient evidence in this case would result in the onerous requirement of testimony by every gun owner who has a weapon stolen, which it contends is unnecessary, citing *State in the Interest of M.B.*, 19-0931 (La. App. 4 Cir. 2/12/20), 292 So. 3d 930. However, in that case, the court held that having a victim testify was unnecessary because the State presented evidence that the defendant in that case dropped a gun, the police officer knew of a recent car burglary in close proximity to the crime scene where a gun had been stolen, and the officer who investigated the car burglary came to the scene with the burglary victim, who positively identified the gun.

6

We have no such surfeit of evidence in the present case. The only evidence presented to the jury was the testimony of Officer Davis that the gun in question was stolen because the serial number of the gun had been found listed on NCIC as stolen. We find that such uncorroborated testimony about a database of information without further undergirding of evidence is insufficient, by itself, to support the conviction of a defendant for possession of a firearm alleged to have been stolen from an undisclosed victim, in an undisclosed location on an undisclosed date. This testimony – even over a hearsay objection as noted above – is insufficient to support the conviction in this matter. This is simply not enough, on its own, to meet the requisite threshold to support a conviction. While we do not believe that the sufficiency of the evidence standard would require the testimony of all victims from whom a gun was stolen in every circumstance, something more than a simple recitation that the gun's serial number was found on NCIC *is* required. This alone is not sufficient to prove the essential element of the crime illegal possession of a stolen firearm has been proven beyond a reasonable doubt. In addition to the possible availability of the actual victim, there may also be evidence and testimony from others in law enforcement, which could survive a hearsay objection. We recognize prosecutors are aware of these challenges of being able to prove sufficiency of the evidence in deciding to pursue this specific charge in some circumstances, but in the absence of more than a reference to report, we are compelled to reverse Bailey's conviction and vacate his sentence for illegal possession of a stolen firearm.

**Second Assignment of Error: Bailey's sentences totaling 21 years are excessive under the circumstances.**

7

Bailey next argues that his sentences, totaling 21 years, are excessive. Bailey was sentenced by the trial court to 15 years at hard labor without benefits for possession of a firearm by a felon, three years at hard labor for aggravated flight from an officer, and three years at hard labor for illegal possession of a stolen firearm. As noted above, we have reversed Bailey's conviction and vacated his sentence for the illegal possession of a stolen firearm. Therefore, we will analyze whether his remaining sentences are excessive.

Appellate review of sentences for excessiveness is a two-prong inquiry. Under the first prong, the record must show that the trial court considered the factors in La. C. Cr. P. art. 894.1. The primary goal of La. C. Cr. P. art. 894.1 is for the court to articulate the factual basis for the sentence imposed, and not simply mechanical compliance with its provisions. However, if the record reflects that the trial judge adequately considered the guidelines of the article, then he is not required to list every aggravating or mitigating circumstance. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *Sandifer*, *supra*. In sentencing, the important elements which should be considered are the defendant's personal history (age, familial ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.

2d 1049 (La. 1981); *Sandifer*, *supra*. There is no requirement that specific matters be given any particular weight during sentencing. *Sandifer*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

The record reflects that the trial court noted that Bailey's criminal history includes multiple felony convictions and drug possession charges, which it found presented an undue risk that during a suspended sentence or probation he would commit another crime. It stated that time in prison may provide the correctional treatment he needs. The trial court found that Bailey's behavior endangered human life when he fled law enforcement and a lesser sentence would deprecate the seriousness of his crimes. The court stated that it had considered all aggravating and mitigating circumstances and specifically cited Bailey's flight from officers on public roadways at over 100 miles per hour. This Court finds that the trial court gave adequate consideration of La. C. Cr. P. art. 894.1 and articulated the factual basis for Bailey's sentencing. As such, this important prong of the analysis has been satisfied.

Under the second prong of the analysis, this Court must determine whether the sentence is unconstitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Mandigo*, 48,801 (La. App. 2 Cir. 2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of

the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *Sandifer*, *supra*.

A trial court maintains wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of such discretion, a sentence will not be set aside as excessive. Upon review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Weaver*, *supra; State v. Davis*, 50,149 (La. App. 2 Cir. 11/18/15), 181 So. 3d 200.

La. R.S. 14:95.1(B) provides that a person who is found guilty of possession of a firearm by a person convicted of a felony shall be imprisoned at hard labor for not less than five nor more than 20 years without the benefit of probation, parole, or suspension of sentence. The trial court sentenced Bailey to 15 years at hard labor without the benefit of parole, probation, or suspension of sentence. La. R.S. 14:108.1(E)(1) provides that whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years, and the trial court sentenced Bailey to three years at hard labor on this charge. We find this prong of the analysis is likewise sufficiently satisfied.

Considering the above, we find no abuse of discretion regarding the sentences imposed by the trial court. The trial court articulated a sufficient basis for both sentences and did not impose the maximum sentence on either charge. The sentences imposed are tailored to the offender and the offense and do not shock the sense of justice. Considering all of the above, there is no showing that Bailey's sentences are excessive. This assignment of error is without merit.

**CONCLUSION**

For the foregoing reasons, Bailey's conviction for illegal possession of a stolen firearm is reversed and his sentence on that count is vacated. All of his other convictions and sentences are affirmed.

**REVERSED AND VACATED IN PART; AFFIRMED IN PART.**

**STONE, J., dissenting in part**

I respectfully dissent with regard to the reversal of the defendant's conviction for possession of a stolen firearm. While this outcome is in agreement with what I believe the law *should* be, I am compelled to dissent because it is incompatible with what the law actually *is*. In particular, the majority's decision violates the binding jurisprudential authority of *State v. Boutte*, 384 So. 2d 773 (La. 1980), and derogates La. C. Cr. P. art. 920.

*Boutte* unequivocally holds that uncorroborated hearsay evidence admitted *without objection* can be sufficient to support a conviction. The fact that, in this case, the defendant's trial counsel timely objected does not distinguish this case from *Boutte*. That is because the issue of admissibility was nonetheless waived via the failure of defendant's appellate counsel to specify the admission of the hearsay as error in the assignment of errors. *Boutte* is controlling, and the majority's holding is incompatible with the holding of *Boutte*.

In relevant part, La. C. Cr. P. art. 920 limits the scope of appeal to issues specified in the appellant's assignment of errors; stated conversely, any argument not contained in the assignment of errors is waived. This provision embodies in criminal appellate procedure the principle of the well-known "contemporaneous objection rule," whereby a party who fails to timely object to the introduction of evidence waives his right to appeal based on the supposed inadmissibility of that evidence.

The majority violates *Boutte* and circumvents this application of La. C. Cr. P. art. 920 by transforming the issue from one of *admissibility* of the hearsay evidence (an argument the defendant waived) to one of *sufficiency* of the hearsay evidence (an argument the defendant did *not* waive). For purposes of *Boutte,* it makes no difference whether the defendant waived his challenge to the

1

admissibility by failing to object at trial or by failing to specify the admission of such evidence as error on appeal.  Either way, the uncorroborated hearsay evidence is sufficient to support a conviction.