CARAWAY, J.
| [Deshunski Dewayne Burks was convicted by a jury of distribution of cocaine. After a subsequent adjudication as a third felony offender, he received a life sentence at hard labor without benefit of parole, probation or suspension of sentence. He appeals his conviction and sentence. We affirm.

Facts

On September 22, 2010, Burks was charged with distribution of cocaine arising out of an undercover buy-bust operation in which Burks sold $100 worth of cocaine to an undercover officer. On November 29, 2010, Burks appeared for a preliminary examination. Before conducting the examination, the parties discussed the possibility of a plea agreement that had been offered to Burks by the state. The trial court explained to Burks that if he went to trial, he could receive a sentence between 2 to 30 years at hard labor and that because he had prior felonies he could be adjudicated a multiple offender and receive a life sentence because of the nature of his prior felonies. Burks declined the offer and the preliminary examination was conducted.
On January 26, 2011, Burks’ case was scheduled for a jury trial. Prior to commencement of his trial, Burks indicated that he wished to accept a plea agreement. The state explained that because trial had begun, only a guilty plea as charged would be accepted with no agreement as to his sentence and the possibility that Burks could still be charged as a habitual offender. The defense stated that its desire was for Burks to plead guilty to ]2being a sec *823 ond felony offender, with the trial court to determine his sentence. The trial court reiterated to Burks the standing state offer. The trial court specifically asked Burks if he understood that the state could bill him later as a habitual offender and Burks stated his understanding of that fact.
Burks then expressed his willingness to plead guilty to distribution of cocaine. The trial court informed Burks that by pleading guilty he was waiving his rights to a jury trial, to confront and cross-examine witnesses against him and his right to remain silent. Burks waived each of these rights. The trial court also advised Burks of the sentencing range for the offense of distribution of cocaine and again warned him that the state could still charge him as a habitual offender. Burks indicated his understanding of these facts. Thereafter, Burks demonstrated some reluctance when asked whether he felt coerced into pleading guilty, but ultimately stated that it was his decision. The state recited the factual basis for the plea which Burks admitted was accurate.
The trial court advised Burks that if he pled guilty he did not “have the right to appeal his decision, because [he] was pleading guilty.” Burks stated his understanding that he could not appeal. However, when the trial court then asked Burks if he was pleading guilty because he distributed cocaine, Burks stated, “I guess.” He then asked the court, “Also I can’t appeal this?” The following exchange which forms the basis for one of Burks’ assignments of error then occurred:
Trial Court: No, sir. You cannot appeal this. You have the right to what’s called post-conviction | ^relief. You have two years from the date this judgment becomes final within which to apply for post-conviction relief. Okay. But you can’t appeal—
Burks: Oh, man. Come on here, man. Please. I can’t appeal?
Trial Court: You cannot appeal.
Burks: Let’s go. I can’t appeal. Come on here, man.
Trial Court: Excuse me, Mr. Burks.
Burks: Please. Pump this sh* *t up.
Trial Court: Mr. Burks.
Burks: I ain’t with this, man.
Trial Court: Do you want to plead guilty or not?
Burks: No. I don’t want to plead guilty. Come on here, man.
Trial Court: Bring the jury in. Let’s go.
Following a jury trial, Burks was convicted as charged of distribution of cocaine. On January 26, 2011, the state filed a habitual offender bill of information charging Burks as a third felony offender based upon Burks’ previous convictions for simple robbery on August 31, 2000, and aggravated flight from an officer on March 27, 2008.
On February 24, 2011, Burks filed motions for new trial and post-verdict judgment of acquittal, alleging that the evidence was insufficient to convict him of distribution of cocaine. The trial court did not rule on the motions at that time.
On May 12, 2011, based on the evidence adduced at a habitual offender hearing, the trial court adjudicated Burks a third felony offender. 14 After the defense waived sentencing delays, the trial court sentenced Burks to mandatory life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Before sentencing Burks, the trial court noted that it had viewed Burks’ pre-sentence investigation report. On May 26, 2011, Burks filed a “Motion to Reconsider Sentence and Deviate from the Constitutionally Excessive Fourth Felony Habitual *824 Offender Sentence” alleging that his sentence was constitutionally excessive. On June 17, 2011, the motion was denied.
On July 1, 2011, Burks filed a motion for appeal. Based upon the trial court’s failure to rule on Burks’ motion for a new trial and motion for post-verdict judgment of acquittal prior to imposing Burks’ sentence,[1] this court vacated Burks’ sentence and remanded the matter to the trial court for resentencing. On February 8, 2012, Burks was resentenced to life in prison at hard labor without the benefit of parole, probation or suspension of sentence. On March 8, 2012, Burks filed an identical copy of his previously filed motion to reconsider sentence which was denied on February 22, 2012. The present appeal followed.

Discussion

Burks contends that the trial court erred in advising him that his sentence was not appealable because no sentence agreement or sentencing cap was part of the plea. Because his constitutional right to appeal his sentence was never waived as part of the plea agreement, Burks argues that the trial court’s erroneous advice to him violated his right to due process.
| sUnder both state and federal jurisprudence, an unqualified plea of guilty waives all nonjurisdictional defects occurring prior thereto, and precludes review thereof either by appeal or by post conviction remedy. State v. Crosby, 338 So.2d 584 (La.1976); State v. Smith, 41,829 (La.App.2d Cir.4/4/07), 954 So.2d 806. Where there is no agreement as to the defendant’s sentencing term as part of a plea agreement, however, the defendant may seek appellate review of the sentence imposed. La.C.Cr.P. art. 881.2(A)(2).
It has long been held that dissatisfaction with the sentence or expected sentence imposed is not grounds for withdrawal of a guilty plea if the accused entered the plea with the advice of competent counsel and there is no indication that a prior commitment has been broken. State v. Clark, 414 So.2d 369 (La.1982). A plea bargain, is considered to be a contract between the state and the criminal defendant. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443; State v. Waffer, 45,210 (La.App.2d Cir 8/11/10), 47 So.3d 533, writs denied, 10-2382 (La.3/4/11), 58 So.3d 474, 10-2375 (La.3/4/11), 58 So.3d 475. A defendant’s decision to plead guilty must be his free and voluntary choice. State v. Cassels, 27,227 (La.App.2d Cir.2/28/96), 669 So.2d 715; State v. Garth, 622 So.2d 1189 (La.App. 2d Cir.1993).
In this matter, the transcript shows that a sentencing agreement was not part of Burks’ proposed guilty plea. Burks’ understanding of this fact is equally clear from the record and conceded by him in brief. Thus, the trial court’s advice to Burks that if he pled guilty he did not “have the right to | (¡appeal his decision, because [he] was pleading guilty,” correctly informed the defendant of the law regarding his waiver of his right to appeal the guilty plea. No discussion of Burks’ right to appeal his habitual offender adjudication or sentence is evident on the transcript. Nor was this advice required at the time of the plea. Thus, any claim by Burks that improper sentencing advice caused him to reject the plea is unsupported by the record before us. Otherwise, the terms of the agreement were succinctly set forth to Burks who made an informed choice to reject the plea. This assignment therefore has no merit.
*825 Burks also contends that contends that his life sentence is excessive due to the nonviolent nature of the instant conviction and his prior crimes which are less serious crimes of violence in terms of their sentencing exposure. Burks alleges that the trial court should have considered aggravating and mitigating factors in fashioning the imposed sentence.
La. R.S. 15:529.1(A)(3)(b) provides:
If the third felony offender and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation or suspension of sentence.
Distribution of cocaine is a violation of the Uniform Controlled Dangerous Substances Law punishable for a term of imprisonment at hard labor for not less than 2 years, nor more than 30 years. Simple robbery and |7aggravated flight from an officer are both defined as a “crime of violence” under La. R.S. 14:2(B).
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714.
 A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. Johnson, supra. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id.
Furthermore, a trial judge may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the main reason for declaring such a sentence excessive. State v. Johnson, supra; State v. Henry, 42,416 (La.App.2d Cir.9/19/07), 966 So.2d 692, writ denied, 07-2227 (La.8/29/08), 989 So.2d 95.
| ¡¿Burks has failed to put forth any facts or arguments, other than the nonviolent nature of the offenses, to support his conclusion that he is the exceptional defendant for whom downward departure from the mandatory minimum life sentence is required. The jurisprudence clearly holds that a defendant cannot rely solely on the nonviolent nature of his offenses to receive relief. Moreover, because the sentence imposed is prescribed by statute, the trial court’s consideration of aggravating and mitigating factors under La.C.Cr.P. art. 894.1 is not required. State v. Dukes, 46,029 (La.App.2d Cir.1/26/11), 57 So.3d 489, writ denied, 11-0443 (La.3/2/12), 83 So.3d 1033; State v. Thomas, 41,734 (La.App.2d Cir.1/24/07), 948 So.2d 1151, writ denied, 07-0401 (La.10/12/07), 965 So.2d *826 396. Burks received the mandatory minimum sentence set forth in La. R.S. 15:529.1(A)(S)(b). His sentence is presumed constitutional and he has failed to provide clear and convincing evidence to rebut that presumption. For these reasons, we find no merit to his claim.

Decree

For the foregoing reasons, Burks’ conviction and sentence are affirmed.
AFFIRMED.

. The trial court denied the motions on December 9, 2011.