CALLOWAY, C., Pro Tempore.
liThe defendant, Christopher Dewayne Fisher, was charged via bill of information with one, count of forcible rape, in violation of La. R.S. 14:42.1. He was convicted, by a jury, of the responsive charge of attempted forcible rape. The defendant filed a motion for a new trial and a motion for a post-verdict judgment of acquittal. Both motions were denied. He was subsequently adjudicated a third-felony offender, pursuant to La. R.S. 15:529.1(A)(3)(b), and sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of. sentence. A motion to reconsider sentence and a request to deviate from the mandatory sentence under the habitual offender sentence were filed and denied. The defendant now appeals, asserting that his sentence is excessive. For the reasons set forth in this opinion, we affirm,
FACTS AND PROCEDURAL HISTORY
The following evidence was adduced at trial, which took place from August 4 through August 7, 2014.
The victim, T.A.[1], testified that on the night of September 15, 2012, she was preparing to" go out and meet with some friends'. She exited her home, leaving the back door open, to place some things in her car. When she went back inside her home, she noticed an intruder walk by her bedroom. She confronted him, and a struggle ensued inside her bedroom. T.A. attempted to run outside to her car, and. he chased her, forcing her to the ground. He repeatedly hit her in the back of the head and told her that he had a gun. He also stated, “Do you understand how many people die every.day?”- During the struggle, T.A. bit him on his right thumb.. The intruder pulled his penis out, and began rubbing it on her buttocks. After unsuccessfully attempting to have anal sex with T.A., he pulled her up. by her hair and forced her to perform oral sex on him. Soon thereafter, T.A.’s roommate pulled into the driveway, and the intruder fled.
As a result 'of the attack, -T.A. suffered swelling behind-her ear, abrasions-on her forehead, the inside of her left ear, and her bottom lip, and two torn fingernails.
A liquor bottle was found outside of T.A.’s residence. Sergeant Danny Duddy, *844 Shreveport Police Department’s (“SPD”) current crime scene and investigation supervisor, and a fingerprint examiner, was able to develop prints from the liquor bottle. The fingerprints on the bottle were matched to the defendant.
Pursuant to La.. C.E. art. 404(B) and 412.2, the state presented evidence to show that the defendant was connected to other crimes of the "sexually assaultive nature. On the morning of September 4, 2012, the defendant attacked, two older women who were sisters, V.A. and G.R., as they were walking through the Allendale area in Shreveport. He pushed G.R. down, and grabbed V.A. oh the . buttocks, while threatening to rape her. During the attack, the, defendant masturbated in front of the women. V.A. and G.R.. contacted the police. Following September 4, 2012, incident, V.A. testified that she saw. the defendant masturbating in public on two additional occasions.
' On the morning of September 12, 2012, Corporal Kim' Henderson of |athe SPD sought to arrest a man roaming through the neighborhood fitting the defendant’s description. Corporal Henderson testified that she had received numefous calls'regarding indecent exposure between September 4 and September 18, 2012. A man flagged her down, stating, “Ma’am, I have a rash on my [éxpletive]. Can you help me?” She handcuffed him, patted him down for weapons for her safety, and placed him in the back of her patrol unit. Coincidentally, V.A. and G.R. saw Corporal Henderson as they were taking their daily morning- walk. ■ Corporal Hehderson asked them -to come-over to her unit, and they identified the man in the back of the patrol unit as the man who previously attacked them. Corporal Henderson identified the man she handcuffed and placed in the back of her patrol unit as the defendant.
■ That same day, Detective Mike Jones of the SPD developed and presented to T.A. a six-person, black-and-white photographic lineup. She was unable to identify her attacker from the lineup. However, later that day Detective Jones presented to her a - recent color photograph' of the defendant, and she identified him as her attacker. Detective Jones also took photographs of thé defendant’s hands. A red dot, indicating a recent puncture, was located on his right thumb.
On August .7, 2014, the jury,found the defendant guilty of the responsive charge of attempted forcible rape. The state subsequently filed a habitual offender bill of information charging the defendant as a third felony offender. After considering the evidence and testimony of the witness at the November 19, 2014, habitual offender hearing, the trial court found the | ...defendant was indeed a third felony offender.
On December 10, 2014, the defendant was sentenced to life imprisonment at hard labor without the benefit of .parole, probation, or suspension of sentence. The defendant was also sentenced to serve 30 days in parish jail in lieu of court costs, to be served concurrently, with credit -for time served.
After the trial court denied the defendant’s motions to reconsider the sentence and to deviate from the mandatory sentence under the habitual offender sentence; he filéd the instant-appeal.
LAW AND DISCUSSION

Excessive Sentence

In the defendant’s sole assignment of error, he asserts that his sentence of life imprisonment without the benefit of pa-rróle, probation, or suspension of sentence, or good time constitutes a cruel, unusual and excessive sentence. Specifically, he *845 argues that the imposition of the mandatory life sentence upon him pursuant to La. R.S. 15:529.1(A)(3)(b) is excessive and nothing more than a needless imposition of pain and suffering.
La. R.S. 15:529.1(A)(3)(b) states in pertinent part:
A. Any person who, after having been convicted within this state of a felony, ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(3)If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than this natural life then: (b) If the third felony and the two prior felonies are felonies | ¿defined as a crime of violence under R.S. 14:2(B), ... or any other crimes punishable by imprisonment for twelve year's or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of probation, parole, or suspension of sentence.
Because the mandatory life sentence imposed for a third-felony habitual offender is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required. State v. Mead, 44,-447 (La.App.2d Cir.7/1/09), 16 So.3d 470; State v. Thomas, 41,734 (La.App.2d Cir.1/24/07), 948 So.2d 1151, writ denied, 2007-0401 (La.10/12/07), 965 So.2d 396; State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the court had no discretion in sentencing the defendant. State v. Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, cert. denied, 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000).
In reviewing claims of excessiveness of mandatory life sentences, courts have recognized that the mandatory life sentences the habitual offender law requires are presumptively constitutional and should be accorded great deference by the judiciary. State v. Johnson, 97-1906 (La.3/4/09), 709 So.2d 672; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213. Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional: State v. Johnson, supra; State v. Gay, 34,371 (La.App.2d Cir.4/4/01), 784 So.2d 714.
|BThis court has held that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. State v. Johnson, supra; State v. Robbins, 43,240 (La.App.2d Cir.6/4/08), 986 So.2d 828, writ denied, 2008-1438 (La.2/20/09), 1 So.3d 494; State v. Wade, supra. To do so, the defendant must “clearly and convincingly show that he is exceptional which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure, to assign sentences that are.meaningfully tailored to the culpability of the offender, the gravity of the offense, > .and the circumstances, of the ease.” State v. Robbins, supra; State v. Mead, supra.
Furthermore, a trial'judge may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the. presumption of constitutionality. State v. Mead, supra. The lack of violence cannot be the only reason, or even the main reason for declaring such a sentence excessive. State v. Henry, 42,416 (La.App.2d Cir.9/19/07), 966 So.2d 692, writ denied, 07-2227 (La.8/29/08), 989 So.2d 95.
*846 In this case, La. R.S. 15:529.1(A)(3)(b) mandated a life sentence without benefits for the defendant, because he is a third-felony offender whose current offense of attempted forcible rape is punishable by imprisonment, with or without hard labor, for a term not to exceed 20 years. La. R.S. 14:42.1; La. R.S. 14:27(D)(3). He has two prior convictions in Caddo Parish for simple robbery and simple burglary. Simple robbery is considered a crime of violence. La. R.S. 14:2(B). The defendant participated in a robbery involving a physical altercation, which led to the ^unauthorized use of another person’s vehicle. The defendant’s simple burglary conviction, which is punishable for no more than 12 years, resulted from the door of someone’s home being kicked in and their property taken. The defendant’s instant conviction of attempted forcible rape is a crime of violence. La. R.S. 14:2(B). He inflicted physical violence onto T.A. during the sexual assault outside her home. During the attack, he repeatedly threatened to kill her. Days before the sexual assault occurred, the defendant assaulted and threatened to rapé V.A. and G.R. as they enjoyed their morning walk. The defendant’s actions indicate á propensity to commit sexual offenses against the public. Accordingly, the trial court sentenced the defendant as a third felony offender to a mandatory life sentence without the benefit of parole, probation, or suspension of sentence.
After a careful review of the record in its entirety, we find that the defendant failed to prove that his mandatory life sentence is unconstitutionally excessive. Specifically, the defendant failed to meet his burden of proving by clear and convincing evidence that he is an exceptional case deserving of a sentence deviation. Even if the defendant’s prior crimes are considered nonviolent in nature, jurisprudence states that a trial judge- may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the presumption of constitutionality. See State v. Mead, supra. Counsel for the defendant suggested that the defendant possibly suffered from psychiatric or mental issues, causing his violent behavior. However, giving significant weight to the defendant’s “psychiatric problems,” which are uncorroborated' by any 17evidence, would undermine the seriousness of his offense and the permanent effects his actions have on his victims. See State v. Bell, 42,394 (La.App.2d Cir.12/5/07), 972 So.2d 1207.
This court finds that the imposed sentence is appropriate under the facts and circumstances' of this case. This assignment of error is without merit.
CONCLUSION
For the aforementioned reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The victim's initials are used here to protect their identity pursuant to La. R.S. 1844(W).