STONE, J.
A jury convicted Jeremy Lewis of attempted monetary instrument abuse in violation of La. R.S. 14:27 and 14:72.2 and attempted possession with intent to distribute synthetic cannabinoids in violation of La. R.S. 14:27 and 40:966(A)(1). He was adjudicated a second-felony habitual offender and sentenced to 71/2 years at hard labor for each conviction. The trial court ordered the sentences to run concurrently and without benefit of probation or suspension of sentence. Additionally, Lewis was ordered to pay a $2,000 fine for each conviction. For the following reasons, Lewis' convictions are affirmed and his sentences are amended to omit the fines. As amended, his sentences are affirmed.
FACTS
On September 30, 2015, police officers executed a warrant for the arrest of Jeremy Lewis ("Lewis") regarding a parole violation at 2010 Hawkins Street in Shreveport, Louisiana. Lewis' grandmother directed the officers to a bedroom where Lewis was sleeping. On the nightstand next to the bed, the officers observed synthetic marijuana in a bowl. The search of Lewis' bedroom yielded additional synthetic marijuana in 38 individually sealed bags, $400 in counterfeit money, $96 in real money, and a ledger containing the names of 17 people who allegedly owed Lewis various amounts of money.
Lewis was charged with monetary instrument abuse and possession with intent to distribute synthetic cannabinoids. On November 17, 2016, a jury found Lewis guilty of the responsive verdicts of attempted monetary instrument abuse and attempted possession with intent to distribute synthetic cannabinoids. The trial court denied Lewis' motions for a new trial and a post-verdict judgment of acquittal.
Thereafter, the state filed a habitual offender bill of information using Lewis' 2005 conviction for armed robbery. On January 30, 2017, Lewis was adjudicated a second-felony habitual offender and later sentenced to 71/2 years at hard labor for each conviction. The trial court ordered the sentences to run concurrently and without benefit of probation or suspension of sentence. Additionally, Lewis was ordered to pay a $2,000 fine for each conviction.
On February 22, 2017, Lewis' trial counsel filed a motion for appeal which was later granted. Thereafter, on March 1, 2017, Lewis filed a pro se motion to reconsider sentence, arguing that he was improperly *366 adjudicated a second-felony habitual offender. It does not appear from the record that the trial court ruled on the pro se motion. On appeal, Lewis argues his habitual offender sentences are unconstitutionally excessive and an exploitation of the habitual offender law.
DISCUSSION
Lewis timely filed his pro se motion to reconsider sentence within 30 days following the imposition of his sentences. La. C. Cr. P. art. 881.1(A)(1). Yet, there is no indication from the record that the trial court ever ruled on the motion.
The trial court retains jurisdiction to rule on a motion to reconsider sentence, and a defendant is within his rights to provoke same, even after an order of appeal is entered. State v. Larkins , 51,540 (La. App. 2 Cir. 09/27/17), 243 So.3d 1220, 2017 WL 4273711 ; see also La. C. Cr. P. arts. 881.1(C) and 916(3). Accordingly, we shall limit our review of Lewis' sentences to constitutional excessiveness. Notably, Lewis' motion raised claims related only to his adjudication as a habitual offender, not the excessiveness of his sentences. No provision within the Code of Criminal Procedure prohibits an appellate court from reviewing a sentence for constitutional excessiveness in spite of the trial court's failure to rule on a motion to reconsider sentence. Should the trial court later rule upon Lewis' motion to reconsider sentence, he may seek appellate review of the decision pursuant to La. C. Cr. P. art. 914(B)(2). Larkins, supra ; State v. Farris , 51,094 (La. App. 2 Cir. 12/14/16), 210 So.3d 877, writ denied , 17-0070 (La. 10/09/17), 227 So.3d 828.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato , 603 So.2d 739 (La. 1992) ; State v. Davis , 50,149 (La. App. 2 Cir. 11/18/15), 181 So.3d 200 ; State v. Smith , 50,342 (La. App. 2 Cir. 01/13/16), 184 So.3d 241.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver , 01-0467 (La. 01/15/02), 805 So.2d 166 ; Smith , supra.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Diaz , 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228 ; State v. Hebert , 50,163 (La. App. 2 Cir. 11/18/15), 181 So.3d 795.
In Dorthey , supra, and State v. Johnson , 97-1906 (La. 03/04/98), 709 So.2d 672, the Louisiana Supreme Court addressed the issue of mandatory sentences in the context of the habitual offender law. In Dorthey , the Supreme Court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the habitual offender law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime."
Because the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. Dorthey , supra ; Johnson , supra ;
*367 State v. Burks , 47,587 (La. App. 2 Cir. 01/16/13), 108 So.3d 820, writ denied , 13-0424 (La. 07/31/13), 118 So.3d 1116. As such, a sentencing judge must always start with the presumption that a mandatory minimum sentence under the habitual offender law is constitutional. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id. ; State v. Thomas , 50,898 (La. App. 2 Cir. 11/16/16), 209 So.3d 234.
Lewis contends his sentences are grossly disproportionate to his convictions for nonviolent offenses. Lewis asserts his sentences constitute a misuse of the habitual offender law, citing the dissent of Chief Justice Bernette Johnson and the concurrence of Justice Scott Crichton in State v. Guidry , 16-1412 (La. 03/15/17), 221 So.3d 815.
In Guidry , the Supreme Court held that the trial court may not allow a jury to be informed of the possible sentence should the defendant be convicted and his sentence enhanced under the habitual offender law. Both Chief Justice Johnson and Justice Crichton expressed their views that the "abusive frequency with which a de minimis number of jurisdictions invoke habitual offender laws against nonviolent actors appears to do little to protect the people of Louisiana, and depletes the already scarce fiscal resources of this state." They proclaimed "the imposition of life sentences on nonviolent offenders at a certain point lacks any meaningful social value and may constitute aberrant cruelty." Justice Crichton asserted his belief that "we have arrived at a moment where this Court should examine whether or not the abuse of habitual offender laws by a handful of jurisdictions violates these constitutional prerogatives," noting that the appropriate remedy for curbing such abuse lies with the trial court and the use of downward departures permitted by Dorthey, supra .
The commentary of Chief Justice Johnson and Justice Crichton concerning the abuse of habitual offender laws warrants reflection by a criminal justice system committed to reform. As expressed by Chief Justice Johnson, district attorneys around the state have unfairly used the threat of enhanced punishment to extract guilty pleas from offenders, a practice which arguably calls into question the voluntariness of such pleas. While the use of the habitual offender laws to achieve lengthy sentences for non-violent offenses may violate the constitutional prohibition on excessive punishment, we do not find the instant case presents us with such a violation.
In Guidry , the defendant faced a possible sentence of life imprisonment as a fourth-felony habitual offender under La. R.S. 15:529.1. The defendant was charged with numerous nonviolent offenses, most notably, possession with intent to distribute heroin, which carried the highest sentence: 10 to 50 years at hard labor, La. R.S. 40:966(B)(1). The defendant unsuccessfully sought the right to inform the jury that his sentencing exposure would increase to life imprisonment if convicted and later adjudicated a habitual offender. In her dissent, Chief Justice Johnson indicated she would feel a "sense of shock and dismay if the defendant [in Guidry ] is ultimately sentenced to life as a habitual offender for a narcotics offense." Guidry, supra at 828.
*368 In the instant matter, we find Lewis' sentences were "meaningfully tailored" to his culpability. Due to his adjudication as a second-felony habitual offender, Lewis' sentencing exposure for attempted monetary instrument abuse was 21/2 years to 10 years at hard labor without the benefit of probation or suspension of sentence; his sentencing exposure for attempted possession with intent to distribute synthetic cannabinoids was 71/2 years to 30 years at hard labor without the benefit of probation or suspension of sentence. See La. R.S. 14:27(D)(3), 14:72.2(A), 40:966(B)(3), and 15:529.1(A)(1). The trial court sentenced Lewis to 71/2 years at hard labor on each count to be served concurrently. Lewis received the mandatory minimum sentence for attempted possession with intent to distribute synthetic cannabinoids, and the sentence is presumed constitutional by Louisiana jurisprudence. Dorthey, supra . In order to rebut the presumption, Lewis had to convince the trial court that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to his culpability.
In arguing his sentences are unconstitutionally excessive, Lewis primarily cites the nonviolent nature of his offenses. Lewis claims that no person was physically injured, threatened, or put at risk by his actions. Notably, Lewis' assertions were expressly considered by the trial court. While cognizant that Lewis was on parole for a crime of violence at the time he committed the instant offenses, the trial court emphasized the instant offenses were not crimes of violence. Moreover, Louisiana jurisprudence holds that a defendant cannot rely solely upon the nonviolent nature of his crimes to rebut the presumption of constitutionality. See Johnson , supra ; Burks , supra ; State v. Fisher , 50,301 (La. App. 2 Cir. 12/30/15), 185 So.3d 842, 845, writ denied , 16-0228 (La. 02/03/17), 215 So.3d 687 ("The lack of violence cannot be the only reason, or even the main reason for declaring such a sentence excessive").
Despite the nonviolent nature of his crimes, Lewis fails to demonstrate he is an exceptional candidate deserving of a downward deviation from the mandatory minimum sentence. Unlike the defendant in Guidry , who would face 50 years to life for various nonviolent offenses, Lewis' sentence is only 71/2 years with the opportunity for early release. Furthermore, although Lewis' sentence for attempted monetary instrument abuse is in the upper range of the maximum penalty for such offense, it cannot be deemed unconstitutional under the circumstances of this case. Accordingly, considering his previous conviction for armed robbery, Lewis' sentences do not shock the sense of justice.
ERROR PATENT
In sentencing Lewis as a habitual offender, the trial court imposed a $2,000 fine for each conviction. Although the underlying statutes providing the basis for Lewis' convictions authorize the imposition of a fine, see La. R.S. 14:72.2(A) and 40:966(B)(3), the habitual offender statute, La. R.S. 15:529.1, does not. State v. Dickerson , 584 So.2d 1140 (La. 1991). Because the trial court was without authority to impose the $2,000 fines on Lewis after his habitual offender adjudication, we amend his sentences to omit the fines. See State v. Cross , 46,996 (La. App. 2 Cir. 02/29/12), 91 So.3d 995, 1002.
CONCLUSION
For the above reasons, the convictions of Jeremy Lewis are affirmed. Lewis' sentences *369 are amended to omit the $2,000 fines and, as amended, affirmed.
CONVICTIONS AFFIRMED; SENTENCES AMENDED AND, AS AMENDED, AFFIRMED.
BROWN, C. J., concurs in the results.
BLEICH, J. (Ad Hoc), concurs in the results.