Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,325-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LYNN TONY CLARK, JR.                        Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 48,236

Honorable Charles G. Fallin, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Chad M. Ikerd

DANIEL W. NEWELL                       Counsel for Appellee
District Attorney

TERESA C. CARROLL
BENJAMIN J. BLEICH
Assistant District Attorneys

* * * * *

Before MOORE, McCALLUM, and THOMPSON, JJ.

**THOMPSON, J.**

This is an appeal of the resentencing on the conviction of principal to armed robbery with a firearm, in violation of La. R.S. 14:24 and 14:64.3, and on the conviction of principal to aggravated second degree battery, in violation of La. R.S. 14:24 and 14:34.7, arising from the Second Judicial District, Bienville Parish, the Honorable Glenn Fallin presiding.

On August 24, 2017, the defendant, Lynn Tony Clark, Jr., was sentenced to 20 years at hard labor on the conviction for armed robbery with a firearm and 10 years at hard labor on the conviction for aggravated second degree battery, with those sentences to run concurrently. Clark was subsequently adjudicated as a second-felony habitual offender. In resentencing Clark as a habitual offender, Judge Fallin opined that the original sentences for Clark were appropriate considering a co-defendant who was the actual shooter would be sentenced to less time than Clark were Clark's sentences to be enhanced. In accordance with that concern the trial court did not vacate the original sentences. The conviction and sentencing were appealed and this court affirmed Clark's convictions, but vacated the habitual offender sentence[1] and remanded for resentencing. *State v. Clark*, 52,256 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1178.

On July 23, 2019, the trial court vacated Clark's prior sentence and resentenced him to 35 years at hard labor on the conviction for armed robbery with a firearm, and to a concurrent 15 years at hard labor on the conviction for aggravated second degree battery, both as a second-felony

---

[1] La. R.S. 15:529.1(D)(3) requires that when the trial court adjudicates a defendant a habitual felony offender, "the court . . . shall vacate the previous sentence if already imposed."

habitual offender. Clark now appeals the new sentences. For the following reasons, we **affirm** Clark's sentence for aggravated second degree battery; and we **vacate and remand** the sentence of armed robbery with a firearm for resentencing in compliance with and for clarification of which portion, if any, of Clark's sentence includes the mandatory additional punishment as provided in La. R.S. 14:64.3, arising from the use of a firearm in connection with an armed robbery.

## FACTS

The matter before the court arises out of a robbery committed on April 21, 2016, in which LaDarrius Coleman sustained a gunshot wound to the head by one of Clark's co-defendants. At the jury trial, it was established that Clark, his girlfriend, India Feazel, Zackary Raburn, and Feazel's brother, Josh Lofton, lured Coleman to an abandoned trailer park in Arcadia, Louisiana. The group planned to "beat him up" and rob Coleman in retaliation for selling Raburn tobacco as opposed to synthetic marijuana.[2] There was conflicting testimony as to which of the three men actually robbed Coleman. However, Raburn stated that he shot Coleman in the head and, in that moment, Clark was standing beside him.

Coleman was left severely wounded at the scene. He was discovered in a ditch on the morning of April 24, 2016, and was transported to University Health in Shreveport where he stayed in ICU critical care for two to three weeks. Coleman sustained permanent injuries, including difficulty walking and speaking.

---

[2] The facts were discussed in detail on appeal in *State v. Clark*, *supra.*

On August 2, 2017, Clark was charged by amended bill of information with principal to armed robbery with a firearm, in violation of La. R.S. 14:24 and 14:64.3, and principal to aggravated second degree battery, in violation of La. R.S. 14:24 and 14:34.7.[3] On August 24, 2017, a jury found Clark guilty as charged on both counts. Subsequently, on November 8, 2017, Clark was sentenced to 20 years at hard labor on the conviction for armed robbery and 10 years at hard labor on the conviction for aggravated second degree battery, to run concurrently. That same day, the state filed against Clark a habitual offender bill of information to have him adjudicated as a second-felony habitual offender. A contradictory hearing was held and Clark was adjudicated a habitual offender on February 7, 2018.[4]

When it came to resentencing by the trial court of Clark as a habitual offender, the trial court did not vacate Clark's prior sentence or enhance the sentence on either of the instant convictions. Rather, the trial court stated "I'm going to leave [the sentence] at twenty years." The state sought an appeal of the sentencing having no enhancement due to the new habitual offender status of Clark. On November 14, 2018, Clark's convictions were affirmed by this court, his sentence as a habitual offender was vacated, and the matter was remanded to the trial for resentencing in accordance with the sentencing provisions applicable to habitual offenders. *State v. Clark*, *supra*.

---

[3] Clark was originally arrested and charged by bill of information, dated May 31, 2016, with principal to attempted second degree murder, in violation of La. R.S. 14:24, 14:27, and 14:30.1.

[4] The record reflects that Clark pled guilty to "illegal possession of stolen things over $500 but less than $1,500," on February 14, 2013.

As a result, on May 7, 2019, Clark appeared before the trial court for a habitual offender hearing and was re-adjudicated a second-felony habitual offender. On July 23, 2019, the trial court vacated Clark's sentences for armed robbery with a firearm and aggravated second degree battery. In written reasons, the trial court noted that it previously expressed an opinion that Clark "should not get more than what the actual shooter got," but that its opinion had been re-evaluated following arguments. Based upon the nature of the offense, the severe injuries sustained by the victim, and Clark's involvement as a principal, the trial court concluded that a serious term of imprisonment was both appropriate and necessary in order to reflect the seriousness of Clark's conduct. Clark was resentenced, as a second-felony habitual offender, to 35 years at hard labor on the conviction for armed robbery with a firearm and to 15 years at hard labor on the conviction for aggravated second degree battery, to run concurrently. A motion to reconsider was denied by the trial court. This appeal by Clark followed.

**DISCUSSION**

In his sole assignment of error, Clark argues that "[t]he trial court erred in resentencing [Clark], on remand, to an additional 15 years as a habitual offender." Clark argues there were no new facts presented, which the trial court acknowledged, and therefore, despite the adjudication as a second-felony offender, there is no real factual basis to justify any increased sentence from the original 20 years to the enhanced 35 years for armed robbery with a firearm, and from 10 to 15 years for aggravated second degree battery. We disagree.

4

Any sentence by the trial court for a habitual offender must fall within the sentencing requirements of the habitual offender statute. La. R.S. 15:529.1 provides that when a person has been convicted of a felony, and subsequently commits an additional felony, that offender shall be subject to enhanced imprisonment sentences as set forth in the statute. Here, Clark had been convicted in 2013 of the underlying felony of illegal possession of stolen things. When Clark committed the instant offenses, on April 21, 2016, and was subsequently convicted, he became eligible to be adjudicated as a second-felony habitual offender. That enhancement to a habitual offender is the only new requisite fact to place Clark squarely within the provisions of La. R.S. 15:529.1 and its significantly enhanced sentencing provisions. Additionally, as Clark's two convictions were within both a 5-year and 10-year cleansing period, he was subject to being adjudicated as a habitual offender.

Clark argues that when the trial court entertained sentencing him as a habitual offender, it had before it all relevant factors and decided to allow him to remain in place the original respective sentences of 20 years for armed robbery with a firearm and 10 years for aggravated second degree battery. Clark asserts the factors considered in his resentencing as a habitual offender were all noted by the trial court and duly considered and the subsequent enhanced sentences were prohibited.

In his brief, Clark claims that the trial court previously granted relief under *State v. Dorthey*, 623 So. 2d 1276 (La. 1993), and sentenced Clark for the armed robbery with a firearm charge to only 20 years as a habitual offender, and to the initial 10 years for the aggravated second degree battery charge. Clark argues that a trial court is not permitted to increase a sentence

5

on remand unless the reasons for the increased sentence were based upon new information. *Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).

The state argues that Clark should be prohibited from raising this argument on appeal because it was not raised before the trial court. The state notes that Clark's trial counsel "agreed that the enhanced sentence for the aggravated second degree battery conviction was not excessive." The state further argues that the cases relied upon by Clark are distinguishable from the instant case.

Applicable Law

Clark first argues that the trial court previously granted relief pursuant to *State v. Dorthey*, *supra*. In that case, the Louisiana Supreme Court addressed the issue of mandatory minimum sentences in the context of the habitual offender law. There, the supreme court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the habitual offender law makes no "measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime."

Because the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are presumed to be constitutional. As such, a sentencing judge must always start with the presumption that a mandatory minimum sentence under the habitual offender law is constitutional. To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and

6

convincingly show that he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. *State v. Dorthey*, *supra*; *State v. Johnson*, 97-1906 (La. 03/04/98), 709 So. 2d 672; *State v. Lewis*, 51,735 (La. App. 2 Cir. 01/31/18), 245 So. 3d 363; *State v. Burks*, 47,587 (La. App. 2 Cir. 01/16/13), 108 So. 3d 820, *writ denied*, 13-0424 (La. 07/31/13), 118 So. 3d 1116.

Clark next asserts that there was no new evidence presented to the trial court that warranted an increase in his original sentences. He supports this proposition with the United States Supreme Court's decisions in *North Carolina v. Pearce*, *supra*, and *Alabama v. Smith*, *supra*.

In *North Carolina v. Pearce*, *supra*, the defendant's sentence was increased after his initial conviction was reversed and a retrial resulted in a second conviction. The Supreme Court found no constitutional bar to a more severe sentence upon reconviction, but held that the trial court must show "events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" This rationale was based upon the notion that due process requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," because new facts or considerations could come to light during a trial that were not available at the time of a guilty plea.

In *Alabama v. Smith*, *supra*, the defendant's sentence was increased after he succeeded in having his guilty plea vacated and went to trial on the original charges before the same judge. The Court held that, unlike in *North*

*Carolina v. Pearce*, *supra*, no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey, supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 01/15/02), 805 So. 2d 166.

The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. *State v. Jackson*, 48,534 (La. App. 2 Cir. 01/15/14), 130 So. 3d 993; *State v. Esque*, 46,515 (La. App. 2 Cir. 09/21/11), 73 So. 3d 1021, *writ denied*, 11-2347 (La. 03/09/12), 84 So. 3d 551.

For armed robbery with a firearm, the sentencing range is 10-99 years at hard labor without the benefits or probation, parole, or suspension of sentence. La. R.S. 14:64. As a firearm was used in the commission of the robbery, there is a mandatory addition of 5 years to be served consecutively and without benefit of probation, parole, or suspension of sentence. La. R.S. 14:64.3.

For aggravated second degree battery, the sentencing range is not more than 15 years at hard labor, 1 year to be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:34.7.

The applicable sentences established are necessarily enhanced when a defendant is adjudicated as a habitual offender. As a second-felony habitual offender falling within the interim period of the November 1, 2017-August

8

1, 2018 version of La. R.S. 15:529.1(A)(1), Clark faced a potential sentence of one-third the longest sentence to two times the longest sentence for each conviction.[5] A sentence at the very end of the lowest range for Clark would be one-third of 99 years, *i.e.*, 33 years. When a firearm is used in the commission of the crime of armed robbery, La. R.S. 14:64.3(A) requires the offender shall be imprisoned at hard labor for an <u>additional</u> five years without the benefit of parole, probation, or suspension of sentence.

The trial sentenced Clark to imprisonment for durations consistent with the applicable version of the habitual offender law applicable to Clark at the time. Any argument by Clark that new facts must be introduced other than adjudication as a habitual offender to trigger vacating the original sentences and resentencing him under the habitual offender provisions are unsupported.

*Application of Law to Facts*

In this court's opinion on November 14, 2018, in *State v. Clark*, *supra*, it was noted we did not "address whether Clark's sentence complied with the requirements of *Dorthey*," because there were errors patent which necessitated that Clark's habitual offender sentence be vacated and the matter remanded for resentencing. As such, there was no determination by this court that the trial court properly complied with the requirements of *State v. Dorthey*, *supra*, when it left Clark's sentence at 20 years' imprisonment. The only reasoning provided by the trial court for its failure to apply the habitual offender enhancement when initially sentencing Clark

---

[5] As described in detail below, the trial court was correct in sentencing Clark to one-third the longest sentence to two times the longest sentence for each conviction. *See State v. Lyles*, *supra*.

9

was a belief that Clark should not get more time than the "actual shooter." That reasoning clearly fails to comply with the requirement of *State v. Dorthey*, *supra*, that the trial court find that Clark "is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case," and to rebut the presumption that a mandatory minimum sentence under the habitual offender law is constitutional.

However, as previously noted, Clark's sentence for the armed robbery conviction must be vacated because the trial court did not specify what portion, if any, of Clark's 35-year hard labor sentence was imposed under La. R.S. 14:64.3, which adds a 5-year sentence to be served consecutive to the sentence imposed for armed robbery when the dangerous weapon used was a firearm without the benefit of probation, parole, or suspension of sentence. As such, an analysis as to the constitutional excessiveness of the sentence for Clark's conviction for armed robbery with a firearm is pretermitted at this time.

As to Clark's conviction for aggravated second degree battery, the trial court originally sentenced Clark to 10 years and increased that sentence to 15 years on remand. Clark relies upon *North Carolina v. Pearce*, *supra*, and *Alabama v. Smith*, *supra*, for his assertion that a trial court is required to rely upon the development of new facts in support of an increase in sentence.

In *North Carolina v. Pearce*, *supra*, the Supreme Court addressed a very specific issue: "what constitutional limitations there may be upon the general power of a judge to impose upon reconviction a longer prison sentence than the defendant originally received." In *Alabama v. Smith*,

10

*supra*, the Court distinguished *North Carolina v. Pearce*, *supra*, in finding that the presumption of vindictiveness did not apply to an increased second sentence when the initial sentence was based upon a guilty plea.

In this case, Clark's first sentence of 10 years was for the underlying offense of aggravated second degree battery only. After the trial court adjudicated him a second-felony habitual offender, the trial court initially declined to apply the sentencing enhancement required by the habitual offender law. On appeal, Clark's initial sentences were vacated and the matter was remanded for resentencing pursuant to the habitual offender law. The trial court then conducted **another** hearing to consider all relevant issues and made a thorough review of the facts before sentencing Clark to 15 years as a second-felony habitual offender for the aggravated second degree battery charge.

This case was not based upon a new trial on the same facts, as in *North Carolina v. Pearce*, *supra*, and is more similar to the circumstances of *Alabama v. Smith*, *supra*. The *Smith* Court noted that there would be additional considerations that came to light during the trial that were not available to the trial court during sentencing following a guilty plea. Further, in this case, Clark was resentenced as a second-felony habitual offender, rather than on the underlying charge alone, following a hearing and additional arguments of counsel. As such, this case is likewise distinguishable from the circumstances of *North Carolina v. Pearce*, *supra*, and the trial court was not barred from increasing Clark's sentence on remand.

During the 2017 Legislative Session, the Louisiana Legislature amended La. R.S. 15:529.1 to provide certain benefits for those with prior

11

felony convictions to both reduce the length of the cleansing period for a requisite predicate felony, as well as reduce the calculation of the length of prison sentences. Act 282 of the 2017 Legislative Session reduced the parameters of the mandatory minimum sentence from one-half to one-third of the maximum potential sentence for the crime for which a defendant had been convicted.

As discussed by the Louisiana Supreme Court in *State v. Lyles*, 19-00203 (La. 10/22/19), __So. 3d__, 2019 WL 5435291, the Louisiana Legislature appears to have created three categories of persons affected by the revision of the provisions of La. R.S. 15:529.1, one for which Clark would qualify as he fell in the category of those "persons whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed between that date and August 1, 2018 (the effective date of Act 542). Those persons would be eligible to receive the benefit of the reduced cleansing period, and they also have colorable claims to the other ameliorative changes provided in Act 282, although we need not decide that question today." *Id.* at *3.

Clark was convicted of the instant charges on August 24, 2017, and those convictions, once final pending the outcome of this appeal, would become final after November 1, 2017. Clark was then adjudicated a second-felony habitual offender on November 8, 2017, which falls in the interim period of potential uncertainty regarding which version of the law applies between the November 1, 2017 effective date of the amendments to La. R.S. 15:529.1, contained in Act 282 of the 2017 Legislative Session, and August 1, 2018, the effective date of Act 542 of the 2018 Legislative Session.

12

Here, Clark slipped into a closing window of time which provided him with significant benefit by reducing the minimum sentence of armed robbery with a firearm from 49.5 years (one-half of maximum of 99 years) to 33 years (one-third of the maximum of 99 years). Likewise, the minimum sentence for aggravated second degree battery shifted from 7.5 years (one-half of the maximum of 15 years) to 5 years (one-third of the maximum of 15 years), which is a significant statistical downward deviation.

The trial court's sentence of 35 years for armed robbery with a firearm falls near the very bottom of the sentencing range of 33-198 years set forth in the applicable statute.

As to the excessiveness of the sentence of 15 years' imprisonment for a conviction for aggravated second degree battery as a second-felony habitual offender, the imposed sentence falls within the statutory range of 5-30 years set forth in the applicable statute. Thus, the trial court's sentencing of Clark to 15 years falls squarely within the sentencing parameters already held to be constitutional.

Additionally, in written reasons, the trial court sufficiently articulated for the record both a familiarity with the facts of the case and with Clark's history. Specifically, the trial court concluded that based upon the nature of the offense, the severe injuries sustained by the victim, and Clark's involvement as a principal, the serious term of imprisonment was both appropriate and necessary in order to reflect the seriousness of Clark's conduct. Thus, the sentence was particularized to Clark and the subject conviction. Under the facts and circumstances of this case, and in consideration of the harm done to society, the sentence imposed on Clark is not disproportionate and does not shock the sense of justice. There is no

13

showing that the trial court abused its discretion in sentencing and no showing that the sentence for Clark's conviction for aggravated second degree battery is constitutionally excessive.

**Error Patent:**

For armed robbery with a firearm, the underlying sentencing range is 10-99 years at hard labor without benefits. La. R.S. 14:64. Since a firearm was used in the commission of the robbery, there is a mandatory addition of 5 years to be served consecutively and it must be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:64.3. During the habitual offender hearing, the trial court recognized that Clark had been convicted under La. R.S. 14:64.3, the statute for armed robbery with a firearm enhancement, which required an additional 5 years to be added to Clark's sentence.

Clark was sentenced to 35 years at hard labor for his conviction for armed robbery with a firearm, as a second-felony habitual offender. The absence of a specification that the defendant's sentences include a term under La. R.S. 14:64.3 renders the defendant's sentence indeterminate. *State v. Roberts*, 18-832 (La. App. 3 Cir. 05/01/19), 270 So. 3d 747; *State v. White*, 42,725 (La. App. 2 Cir. 10/24/07), 968 So. 2d 901; *State v. Birch*, 41,979 (La. App. 2 Cir. 05/09/07), 956 So. 2d 793; *State v. Weaver*, 38,322 (La. App. 2 Cir. 05/12/04), 873 So. 2d 909; *State v. Price*, 04-812 (La. App. 5 Cir. 03/01/05), 909 So. 2d 612. Therefore, Clark's sentence as to his conviction for armed robbery with a firearm is vacated and the matter remanded for resentencing according to law for clarification of whether Clark's sentence includes the additional punishment under La. R.S. 14:64.3.

## CONCLUSIONS

For the aforementioned reasons, Clark's sentence as to his conviction for aggravated second degree battery is **AFFIRMED**. We further determine that Clark's armed robbery with a firearm sentence be **VACATED** and the matter be **REMANDED** for resentencing for clarification of imposition of the additional punishment under La. R.S. 14:64.3.