Judgment rendered August 13, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

* * * * *

ON REMAND

* * * * *

No. 55,952-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

REGINALD RUFFINS                            Appellant

* * * * *

On Remand from the
Louisiana Supreme Court

Originally Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 390,262

Honorable Donald Edgar Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

JASON W. WALTMAN
REBECCA A. EDWARDS
COURTNEY RAY
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and ELLENDER, JJ.

**STEPHENS, J.**

This case is on remand from the Louisiana Supreme Court for this Court to address two claims that were pretermitted by this Court previously. *See*, *State v. Ruffins*, 24-01512 (La. 6/25/25), ___ So. 3d ___, 2025 WL 1787882[1] (which reversed and remanded this Court's judgment in *State v. Ruffins*, 55,952 (La. App. 2 Cir. 11/20/24), 401 So. 3d 903[2]). For the reasons set forth below, we affirm Ruffins' convictions and 20-year sentence as a habitual offender.

## DISCUSSION

### Admission of Other Crimes Evidence

Prior to Ruffins' trial, the State filed a 404(B) notice informing the defense of its intent to introduce evidence at trial of two prior offenses—the defendant's 2006 conviction for false personation of a peace officer and his 2016 conviction in Texas for impersonating a public servant. A hearing was held on March 7, 2023, and the trial court found the other crimes evidence to be admissible to establish motive, intent, plan, preparation, knowledge, and absence of mistake or accident.

According to Ruffins, the trial court erred in allowing the introduction of this other crimes evidence, as introduction of evidence of his prior convictions did not satisfy one of the exceptions set forth for the admission of other crimes evidence. Also, Ruffins received a first offender pardon for the 2006 conviction, and the prejudicial effect significantly outweighed any probative value of this evidence.

---

[1] Attached hereto as" Exhibit A."

[2] Attached hereto as "Exhibit B."

On the other hand, the State argues that there was no abuse of the trial court's discretion in its determination that the evidence of the prior convictions was admissible. The two prior convictions were relevant to prove that Ruffins had the requisite specific intent to commit the crime as well as his preparation, plan, motive, opportunity, and absence of mistake as found by the trial court.

### *Applicable Legal Principles*

Generally, courts may not admit evidence of other crimes to show the defendant is a person of bad character who has acted in conformity with his bad character. La. C.E. art. 404(B)(1); *State v. Prieur*, 277 So. 2d 126 (La. 1973). However, the State may introduce evidence of other crimes if the prosecutor establishes an independent and relevant reason. La. C.E. art. 404(B)(1); *State v. Miner*, 17-1586, p. 1 (La. 1/14/18), 232 So. 3d 551, 552. This evidence must have substantial relevance independent from showing the defendant's general criminal character in that it tends to prove a material fact genuinely at issue. *State v. Jones*, 17-00658, p. 10 (La. 10/22/19), 285 So. 3d 1074, 1080; *State v. Lee*, 05-2098, p. 44 (La. 1/16/08), 976 So. 2d 109, 139, *cert. denied*, 555 U.S. 824, 129 S. Ct. 143, 172 L. Ed. 2d 93 (2008); *State v. Moore*, 440 So. 2d 134, 137 (La. 1983). The probative value of the other crimes evidence must outweigh the danger of unfair prejudice. La. C.E. art. 403.

A trial court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. *State v. Scales*, 93-03 (La. 5/22/95), 655 So. 2d 1326, *cert. denied*, 516 U.S. 1050, 116 S. Ct. 716, 133 L. Ed. 2d 670 (1996); *State v. Caston*, 43,565 (La. App. 2 Cir. 9/24/08), 996 So. 2d 480.

*Analysis*

We find that the trial court did not abuse its discretion in finding that the other crimes evidence in this case—a 2006 conviction for false personation of a peace officer in Louisiana and a 2016 conviction in Texas for impersonating a public servant—met the requirements of La. C.E. art. 404(B).

This evidence was relevant to prove a material fact at issue, i.e., whether Ruffins had the specific intent to intentionally impersonate a police officer when he met with Ms. Kennedy in an attempt to obtain a security contract with the Cooper Road Plaza Apartments. It further showed that the defendant knew what he was doing in claiming to be an SPD officer, wearing clothing and gear similar to that worn by police officers, and in outfitting his vehicle with lights and other equipment that a police vehicle would have. The prior convictions were also relevant to show preparation, plan, motive, opportunity, and absence of mistake as found by the trial court. This assignment of error is without merit.

## Constitutionality of Habitual Offender Sentence

In his third assignment of error, while he acknowledges that he received the mandatory minimum as a fourth felony offender, Ruffins asserts that the trial court imposed an unconstitutionally harsh and excessive sentence under the facts and circumstances of this case.

The State contends that, since Ruffins failed to file a motion to reconsider sentence, on appeal, he is limited to a review for a bare claim of constitutional excessiveness.

3

*Applicable Legal Principles*

When a defendant fails to make a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074; *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/20), 305 So. 3d 135.

Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672; *State v. Miller*, 54,897 (La. App. 2 Cir. 1/11/23), 355 So. 3d 1165, *writ denied*, 23-00200 (La. 12/5/23), 373 So. 3d 713; *State v. Gay*, 34,371 (La. App. 2 Cir. 4/4/01), 784 So. 2d 714. While the Louisiana Supreme Court has recognized that courts have the power to declare a mandatory minimum sentence excessive under La. Const. art. I, § 20, our highest court has cautioned that this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. *State v. Johnson*, *supra* at 676-77; *State v. Boyd*, 54,950 (La. App. 2 Cir. 4/5/23), 360 So. 3d 1264; *State v. Ponsell*, 33,543 (La. App. 2 Cir. 8/23/00), 766 So. 2d 678, *writ denied*, 00-2726 (La. 10/12/01), 799 So. 2d 490.

The burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. *State v. Johnson*, *supra*; *State v. Miller*, *supra*; *State v. Robbins*, 43,240 (La. App. 2 Cir. 6/4/08), 986 So. 2d 828, *writ denied*, 08-1438 (La. 2/20/09), 1 So. 3d 494. To do so, the defendant must "clearly and convincingly show that he is exceptional which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully

tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *State v. Johnson*, 709 So. 2d at p. 676, citing *State v. Young*, 94-1636, pp. 5-6 (La. App. 4 Cir. 10/26/95), 663 So. 2d 525, 528 (Plotkin, J., concurring), *writ denied*, 95-3010 (La. 3/22/96), 669 So. 2d 1223; *State v. Miller*, *supra* at p. 7, 355 So. 3d at 1173; *State v. Fisher*, 50,301, p. 5 (La. App. 2 Cir. 12/30/15), 185 So. 3d 842, 845, *writ denied*, 16-0228 (La. 2/3/17), 215 So. 3d 687; *State v. Mead*, 44,47, p. 7 (La. App. 2 Cir. 7/1/09), 16 So. 3d 470, 474, *writ denied*, 09-2065 (La. 4/9/10), 31 So. 3d 388. The court may not rely solely on the nonviolent nature of the instant or past crimes as evidence to justify rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the major reason, for declaring such a sentence excessive. *State v. Boyd*, *supra* at p. 14, 360 So. 3d at 1273.

*Analysis*

After reviewing this record, we find that Ruffins did not prove by clear and convincing evidence any unusual circumstances which would demonstrate that he is a victim of the legislature's failure to assign sentences meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. There was nothing in his personal, social, or employment history (or this history considered *in toto*) to warrant a deviation from the mandatory minimum sentence for a fourth felony offender, notwithstanding the fact that this 20-year sentence was more than ten times the maximum penalty provided for a person convicted of false personation of a police officer (two years' imprisonment at hard labor and imposition of a fine of not more than $1,000). Furthermore, Ruffins' criminal history warranted his adjudication as a fourth felony offender and

5

imposition of the mandatory minimum sentence. The disparity between the sentence for false personation of a police officer and the mandatory minimum sentence for a habitual offender is something that was considered by the Louisiana Legislature when it fashioned the mandatory minimum and maximum multiple offender sentences. It is not for this Court to usurp the role of the legislature and make a downward departure from the sentencing guidelines when there has not been the requisite particularized showing by the defendant.

This 20-year sentence is not grossly disproportionate to the severity of the offense or shocking to the sense of justice, considering that this is Ruffins' third conviction for the same type of conduct, and he has multiple theft convictions, which provided the predicate offenses upon which his habitual offender adjudication was based. This assignment of error is without merit.

### Error Patent Review

While technically not error patent, in its brief, the State has pointed out that Ruffins' sentence is illegally lenient because it does not include a proper restriction of benefits as required by La. R.S. 14:529.1(G). A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A).

However, when the trial court fails to order that a sentence be served without benefits as statutorily mandated, the sentence will be automatically served without benefits for the requisite time period. La. R.S. 15:301.1(A);

6

*State v. Williams*, 52,618 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1241.  As the habitual offender statute mandates that the defendant's sentence be served without the benefit of probation or suspension of sentence, and the trial court's failure to declare that those sentences be served with restricted benefits is harmless and self-correcting, this Court will take no further action regarding this issue.

## CONCLUSION

For the reasons set forth above, the convictions and sentence of the defendant, Reginald Ruffins, are affirmed.

**AFFIRMED**.